Delbert G. DENNEY, II, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 49A05–0201–PC–0004.

Court of Appeals of Indiana.

Aug. 13, 2002.

Delbert G. Denney, II, Carlisle, IN, Appellant Pro Se.

Stephen R. Carter, Attorney General of Indiana, Christopher C.T. Stephen, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

RATLIFF, Senior Judge.

*STATEMENT OF THE CASE*

Petitioner–Appellant Delbert G. Denney, II (Denney), appeals the denial of his petition for post-conviction relief.

We affirm.

*ISSUE*

Denney presents one issue for our review which we restate as: whether the post-conviction court properly denied Denney's petition for educational credit time toward his prison term.

*FACTS AND PROCEDURAL HISTORY*

Denney filed a petition for post-conviction relief seeking additional credit time for his completion of a second vocational education program during his incarceration. In June 2000, Denney received six months credit on his prison term for his completion of a vocational graphic communications course at the Pendleton Correctional Facility. Subsequently, Denney sought additional credit for his completion of a vocational building maintenance course. The Department of Correction denied his request. Denney then filed with the post-conviction court a petition for credit time for education. The post-conviction court also denied Denney's request, and this appeal ensued.

*DISCUSSION AND DECISION*

Denney contends that the post-conviction court erred when it denied him education credit time toward his term of imprisonment for completing a second vocational course. Ind.Code § 35–50–6–3.3 governs credit time for completion of educational degrees by inmates in this state.

A question of statutory interpretation is a matter of law, and we are neither bound by, nor are we required to give deference to, the trial court's interpretation. *Perry–Worth Concerned Citizens v. Board of Com'rs of Boone County,* 723 N.E.2d 457, 459 (Ind.Ct.App.2000), *trans. denied.* When interpreting a statute, we look to the express language of the statute and the rules of statutory construction. *Indiana State Teachers Ass'n. v. Board of School Com'rs of City of Indianapolis,* 693 N.E.2d 972, 974 (Ind.Ct.App. 1998). However, we may not interpret a statute that is clear and unambiguous on its face. *Schafer v. Sellersburg Town Council,* 714 N.E.2d 212, 215 (Ind.Ct.App. 1999), *trans. denied,* 726 N.E.2d 312. Rather, the words of the statute are to be

given their plain, ordinary and usual meaning unless a contrary purpose is clearly shown by the statute itself. *Id.* Additionally, the language employed in a statute is deemed to have been used intentionally. *Id.*

Ind.Code § 35–50–6–3.3(d), · states, in relevant part:

(d) The amount of credit time a person may earn under this section is the following:

(1) Six (6) months for completion of a state of Indiana general educational development (GED) diploma under IC 20–10.1–12.1.

(2) One (1) year for graduation from high school.

(3) One (1) year for completion of an associate's degree.

(4) Two (2) years for completion of a bachelor's degree.

(5) *Not more than a total of six (6) months of credit, as determined by the department of correction, for the completion of one (1) or more vocational education programs approved by the department of correction.*

(6) * * *

* * *

(emphasis added). This statute is clear and unambiguous on its face. Subsection (d) of Ind.Code § 35–50–6–3.3 sets forth the amount of credit time an inmate may earn for the completion of certain degrees. However, as to vocational degrees, terms of limitation (i.e., "[n]ot more than") are utilized such that an inmate may not earn more than a total of six months credit. This limitation is applied to all vocational programs by the use of the terms: "for the completion of *one (1) or more.*" (emphasis added). Therefore, Denney may only receive a total of six months credit for *all* vocation programs he completes.

Further, his reliance on *Moshenek v. Anderson,* 718 N.E.2d 811 (Ind.Ct.App. 1999) is misplaced. In *Moshenek,* a panel of this Court determined that Ind.Code § 35–50–6–3.3 does not preclude an inmate from using multiple degrees of the same educational level to comprise his total available credit time. Based upon that decision, Moshenek was given credit time for his completion of a second associate's degree. The holding in *Moshenek* does not apply here because the statute deals differently with associate's degrees than it does with vocational programs, and Moshenek had not reached the maximum credit time allowed under the statute. *See* Ind. Code § 35–50–6–3.3(i) (setting forth the maximum amount of credit time a person may earn). In contrast, Denney has reached the maximum amount of credit time he can receive for vocational programs. Therefore, Denney is not being denied the ability to use multiple degrees at the same educational level to fulfill his maximum amount of time, as was Moshenek; rather, Denney is being denied the ability to use multiple degrees to *exceed* the maximum amount of time allowed by the statute.

## CONCLUSION

Based upon the foregoing arguments and authorities, we conclude that the post-conviction court properly denied Denney's petition for credit time for the completion of a second vocational program.

Affirmed.

BROOK, C.J., concurs.

SULLIVAN, J., concurring with separate opinion.

SULLIVAN, Judge, concurring.

At the outset I would note that Denney makes no claim under the provision enacted in 1999 for the currently allowable cred-

it of six months for completion of one or more substance abuse programs. The completion of the substance abuse program by Denney was in 1994.

More importantly, however, as the author of this court's opinion in *Moshenek v. Anderson,* 718 N.E.2d 811 (Ind.Ct.App. 1999), I feel compelled to acknowledge that our opinion in that case was issued October 29, 1999, subsequent to the July 1, 1999 amendments to I.C. § 35–50–6–3.3 which placed the six month maximum upon the total credit allowable for completion of one or more vocational educational programs. Our opinion stated that "[i]f the legislature prefers to prohibit a person from receiving credit for multiple degrees of the same educational level, then it is free to do so by amending the statute." *Moshenek,* 718 N.E.2d at 814. Inadvertently, however, we failed to acknowledge that the amendment was a *fait accompli* as of July 1, 1999.

With these observations, I fully concur in the majority opinion.