**Akono Gwondoya OLATUNJI, f/k/a David Bellamy, Appellant–Petitioner,**

**v.**

**STATE of Indiana, Appellee–Respondent.**

No. 45A03–0212–PC–420.

Court of Appeals of Indiana.

May 30, 2003.

## OPINION

BARNES, Judge.

### Case Summary

Akono Olatunji, f/k/a David Bellamy,[1] appeals the denial of his petition for post-conviction relief. We affirm.

### Issue

The sole restated issue is whether the post-conviction court properly refused to vacate the habitual offender enhancement of Olatunji's sentence for rape.

### Facts

In 1986, Olatunji was convicted of attempted robbery, a Class C felony. In 1987, Olatunji was convicted of carrying a handgun without a license, which was elevated from a Class A misdemeanor to a Class D felony because of the 1986 attempted robbery conviction. In 1988, Olatunji was convicted of rape. The jury also found Olatunji was an habitual offender, based upon his 1986 and 1987 felony convictions. The trial court sentenced Olatunji to twenty-six years for the rape conviction, enhanced by twenty years because of the habitual offender finding, a total sentence of forty-six years.

Olatunji directly appealed his conviction to this court, which was affirmed in a memorandum decision in 1989. Olatunji later filed for post-conviction relief, which was denied and which denial this court affirmed in a 1999 memorandum decision. In 2002, we granted Olatunji permission to file a successive petition for post-conviction relief specifically aimed at challenging the habitual offender enhancement of his rape sentence. Following a hearing, the post-conviction court denied Olatunji's petition, and he now appeals.

Susan K. Carpenter, Public Defender of Indiana, William D. Polansky, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

---

1. For the sake of clarity, we will refer to the appellant as "Olatunji" throughout the opinion, although he used the name "David Bellamy" during many of the relevant portions of this case.

### Analysis

■ Olatunji contends his habitual offender enhancement is improper because one of the predicate felonies, his 1987 carrying a handgun without a license conviction, was itself enhanced because of his 1986 attempted robbery conviction, which was another one of the habitual offender predicate felonies. A post-conviction petitioner bears the burden in the post-conviction court of establishing the grounds for relief by a preponderance of the evidence. *Davidson v. State*, 763 N.E.2d 441, 443 (Ind.2002), *cert. denied*, —— U.S. ——, 123 S.Ct. 857, 154 L.Ed.2d 803 (2003). Ind. Post–Conviction Rule 1(5). We will reverse the denial of post-conviction relief only if the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Davidson*, 763 N.E.2d at 443. We accord no deference to a post-conviction court's conclusions of law, however. *Id.* at 443–44. There were no disputed facts in this post-conviction proceeding. Because resolution of the petition turned on a pure question of law, we accord no deference to the post-conviction court's decision.

■ Olatunji filed his successive post-conviction relief petition following our supreme court's decision in *Ross v. State*, 729 N.E.2d 113 (Ind.2000), and our decision in *Conrad v. State*, 747 N.E.2d 575 (Ind.Ct.App.2001), *trans. denied*. In *Ross*, our supreme court held that a misdemeanor carrying handgun without a license conviction, "once elevated to a felony due to a prior felony conviction, should not be enhanced again under the general habitual offender statute." 729 N.E.2d at 117. The *Ross* court held that the specific anti-recidivist provisions of the handgun statute should only have been applied in that case instead of and not in addition to the general habitual offender statute. *Id.* at 116. Additionally, the *Ross* court applied the "Rule of Lenity," which provides that when a conflict arises over whether a harsher or more lenient penalty should be applied, any ambiguity must be resolved against the harsher penalty. *Id.* In *Conrad*, we applied the reasoning of *Ross* in holding that a sentence for possession of a firearm by a serious violent felon could not be enhanced under the general habitual offender statute, where the conviction that caused the defendant to be a "serious violent felon" was also one of the predicate felonies supporting the habitual offender finding. 747 N.E.2d at 595. We disapproved of the "double use" of one conviction both to support Conrad's serious violent felon in possession of a firearm conviction and his habitual offender enhancement of his sentence for that same conviction. *Id.*

Olatunji argues that there was a "double use" of his 1986 attempted robbery conviction in this case to enhance his rape sentence in a manner prohibited by *Ross* and *Conrad*, because it made his 1987 handgun conviction a felony and served as a predicate habitual offender felony. We conclude there was no "double use" of the 1986 attempted robbery conviction in a manner prohibited by *Ross* and *Conrad*. *Ross* itself only prohibited the sentence enhancement of a *present* carrying a handgun without a license conviction; nothing in the case prohibits the use of either an unrelated handgun conviction, or a previous unrelated felony conviction that caused the handgun conviction to be enhanced, as predicate felony offenses in determining that a person is an habitual offender after committing a third unrelated felony. In *Conrad*, we expressly stated that our analysis in that case, based on *Ross*, was "whether the defendant's sentence for the *present conviction* was enhanced on any basis, or at the least whether the sentence was already enhanced because of a defen-

dant's prior conviction or convictions of any kind." 747 N.E.2d at 594 (emphasis added). Additionally, in *Anderson v. State*, 774 N.E.2d 906, 914 (Ind.Ct.App. 2002), we expressly noted that *Conrad* only prohibited the double use of one felony conviction both to criminalize "the possession of any firearm by a serious violent felon and second [to enhance] a sentence *for that particular crime* under the general habitual offender statute." (Emphasis in original). Therefore, *Ross* and *Conrad* do not broadly prohibit the "double use" of a prior felony conviction as a sentence enhancement factor under all circumstances, but only where it is twice used as a separate and discrete conviction to doubly enhance a defendant's sentence for one present conviction.

■ Olatunji contends it is "entirely capricious" and "unfair" that his sentence for rape may be enhanced under the general habitual offender statute, but the defendant's sentence in *Ross* could not, based solely on the chronology of the crimes committed. Appellant's Br. p. 6. His argument stems from the fact that if Olatunji had been convicted of rape second and of carrying a handgun without a license third, rather than the other way around as was actually the case, *Ross* would have prevented the habitual offender enhancement of his sentence. We see nothing unfair or capricious about this result. The purpose of an habitual offender enhancement is to penalize more severely those persons whom prior sanctions have failed to deter from committing felonies. *Marsillett v. State*, 495 N.E.2d 699, 705 (Ind.1986). Here, Olatunji committed and was sentenced for two unrelated felonies in 1986 and 1987; the fact that the 1986 attempted robbery conviction was used to enhance the 1987 handgun conviction does not make the two convictions "related" under precedent of our supreme court and, now,

the express language of the habitual offender statute. The only criteria for "unrelatedness" under the general habitual offender statute is that a person be sentenced for the first felony before committing the second felony, and sentenced for the second felony before committing the third felony. *Toney v. State*, 715 N.E.2d 367, 369 (Ind.1999); Ind.Code § 35–50–2–8(c). That criteria was met in this case. Nonetheless, Olatunji's two prior felony convictions and sentences failed to dissuade Olatunji from committing rape in 1988. The rape statute does not contain a specific anti-recidivist enhancement scheme as is the case with the handgun statute. We see no arbitrariness in the determination that someone who chooses to commit rape after having accumulated two prior unrelated felonies is subject to much harsher punishment than someone who "only" carries a handgun without a license, which usually would be a misdemeanor, also after having been convicted of two prior unrelated felonies. The purpose of the habitual offender statute has clearly been fulfilled in this case.

Next, Olatunji argues that recent amendments to the general habitual offender statute, made after *Ross*, indicate that the legislature's intent prior to those amendments, and when Olatunji was sentenced, was that the general habitual offender statute could not be utilized in a case like Olatunji's. After the 2001 amendments, Indiana Code Section 35–50–2–8(b)(1) now provides:

> The state may not seek to have a person sentenced as a habitual offender if . . . the offense is a misdemeanor that is enhanced to a felony in the same proceeding solely because the person had a prior unrelated conviction. . . .

This would seem to be a legislative sign of approval of the *Ross* decision. Also, with particular relevance to this case, new sub-

section (e) of Section 35–50–2–8 was added, which states in pertinent part:

> The requirements in subsection (b) do not apply to a prior unrelated felony conviction that is used to support a sentence as a habitual offender. A prior unrelated felony conviction may be used under this section to support a sentence as a habitual offender even if the sentence for the prior unrelated offense was enhanced for any reason, including an enhancement because the person had been convicted of another offense.

Clearly, this new subsection would have expressly allowed the use of Olatunji's 1987 handgun conviction as a predicate felony under the habitual offender statute. Olatunji also apparently concedes that new subsection (e) "approves" of the use of the 1986 attempted robbery conviction as a predicate felony as well. Appellant's Br. p. 4. Olatunji argues, however, that new subsection (e) represents a change in the law, not a clarification of the legislature's original intent, meaning that the legislature, in 1988, did not approve of using his 1987 felony handgun conviction and/or his 1986 attempted robbery conviction as a predicate habitual offender conviction.

 It is true that an amendment to a statute raises the presumption that the legislature intended to change the law, unless it clearly appears that the amendment was passed in order to express the original intent more clearly. *United Nat. Ins. Co. v. DePrizio,* 705 N.E.2d 455, 460 (Ind. 1999). The legislature's amendment of a statute may also be indicative of the legislature's intent at the initial enactment of the statute. *Tedlock v. State,* 656 N.E.2d 273, 276 (Ind.Ct.App.1995). "In amending an act, the legislature is presumed to have in mind the history of the act and the decisions of the courts on the subject matter of the legislation being construed." *Stith v. State,* 766 N.E.2d 1266, 1268 (Ind. Ct.App.2002). We conclude that new subsection (e) in the general habitual offender statute represents a necessary clarification of the legislature's original intent, not a change in the law.

It is evident that new subsection (b)(1) in Indiana Code Section 35–50–2–8 is a legislative endorsement of our supreme court's interpretation in *Ross* of the intent behind the general habitual offender statute. Subsection (b)(1) expressly disallows use of the general habitual offender statute in situations parallel to *Ross:* where the defendant's present conviction is elevated from a misdemeanor to a felony by reason of the defendant having a prior unrelated felony conviction.[2] Subsection (e) limits the operation of subsection (b)(1) by providing that a conviction enhanced from a misdemeanor to a felony may serve as a predicate habitual offender felony. Our reading of the legislative intent behind subsection (e) is this: subsection (b)(1) clarified the original legislative intent behind the habitual offender statute and confirmed that *Ross* had correctly interpreted that intent. Subsection (e) further clarified the original intent by providing that although a misdemeanor enhanced to a felony may not be further enhanced under the general habitual offender statute, such a conviction may itself serve as a predicate habitual offender felony.

In other words, subsections (b)(1) and (e) must be read together as a clarification of the habitual offender statute, not a change to it. If it were not for the addition of subsection (b)(1), it would have been unnecessary for the legislature to add

**2.** Subsections (b)(2) and (3) place other limits on the use of the general habitual offender statute.

subsection (e), and our interpretation of the applicability of the general habitual offender statute in this case would be the same even if those two subsections were not present. This court's and our supreme court's concern with "double" sentence enhancement has always addressed situations where the defendant's sentence for a *present* conviction was enhanced once under a specific progressive penalty statute and again under an habitual offender statute. *See, e.g., State v. Downey,* 770 N.E.2d 794, 796 (Ind.2002). That concern has never been applied to a situation where a predicate habitual offender felony was itself enhanced for whatever reason, as was the case here. We conclude that the addition of subsections (b)(1) and (e) to the general habitual offender statute clearly was an attempt to clarify the original legislative intent behind the statute in the wake of *Ross,* not to change the law. Thus, we hold that it has always been the case, and was in 1988, that a conviction enhanced from a misdemeanor from a felony may serve as a predicate habitual offender felony, as may be a felony that was used to enhance the misdemeanor offense to a felony.

### Conclusion

The post-conviction court did not err in concluding that Olatunji's 1988 sentence for rape was properly enhanced under the general habitual offender statute. We affirm.

Affirmed.

RILEY and SHARPNACK, JJ., concur.