**Earnest TOWNSEND, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–0207–CR–341.

Court of Appeals of Indiana.

Aug. 20, 2003.

Ellen M. O'Connor, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Earnest Townsend was convicted of unlawful possession of a firearm by a serious violent felon ("SVF"), a Class B felony[1] and found to be an habitual offender.[2] He asserts the trial court improperly used his 1989 conviction of battery as a Class C felony to support both the SVF conviction and the habitual offender finding.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Townsend was convicted of burglary, a Class C felony, on March 25, 1980 and battery, a Class C felony, on March 23, 1989. On July 31, 2001, while investigating another matter, Indianapolis police officers observed Townsend in possession of a gun. Townsend was charged on August 2, 2001, with SVF.[3] On September 21, 2001, the State alleged Townsend was an habitual offender; Townsend moved to dismiss that information on October 2, 2001. His motion was denied on October 9, 2001, and an interlocutory appeal to this Court was denied on February 4, 2002.

On April 2, 2002, Townsend pled guilty to the SVF charge and waived his right to a jury trial on the habitual offender allegation. At his bench trial held the next day, Townsend renewed his motion to dismiss. The judgment and the motion to dismiss were taken under advisement until a sentencing hearing on June 27, 2002. At that time, the trial court denied the motion to dismiss and found Townsend was an habitual offender. Townsend was sentenced to six years on the SVF charge. His sentence was enhanced ten years because of the habitual offender finding.

## STANDARD OF REVIEW

■ A defendant has the burden of proving, by a preponderance of the evidence, all facts necessary to support a motion to dismiss. *Moore v. State,* 769 N.E.2d 1141, 1144 (Ind.Ct.App.2002). When a party appeals from a negative judgment, we will reverse the trial court's ruling only if the evidence is without conflict and leads inescapably to the conclusion that the party was entitled to dismissal. *Id.*

## DISCUSSION AND DECISION

The trial court denied Townsend's motion to dismiss because it concluded that the current habitual offender statute did not preclude using the same prior felony both to create the underlying offense and to support the habitual offender allegation.[4]

■ Townsend contends that the habitual offender finding is an impermissible "double enhancement" because both the

1. Ind.Code § 35–47–4–5.

2. Ind.Code § 35–50–2–8.

3. Battery as a Class C felony is a serious violent felony. Ind.Code § 35–47–4–5(b)(4)(C).

4. At least three felonies are involved in an habitual offender adjudication—two "prior unrelated felony convictions" and a third felony to which the habitual offender finding is "attached." *See* Ind.Code § 35–50–2–8(a). In this context, the third, or current, offense is referred to as the "underlying" offense while the prior unrelated felony convictions are known as "predicate" or "prior" felonies.

SVF charge and the habitual offender allegation are based on the same prior felony. Townsend argues that using the same prior felony "violates *Conrad v. State* ... and the Rule of Lenity." [5] (Br. of Appellant at 5.)

The State adopts the position that through the legislature's 2001 amendment of the habitual offender statute, "the legislature has provided 'express clarification' that the *Conrad* situation does not constitute an impermissible double enhancement." (Br. of Appellee at 6.) The State argues the structure of the new version of the statute compels the conclusion that unless the statute explicitly states that the same predicate felony cannot be used twice, it is permissible.

▮▮▮ Our resolution of this issue requires us to interpret the habitual offender statute. A question of statutory interpretation is a matter of law, and we are neither bound by, nor are we required to give deference to, the trial court's interpretation. *Denney v. State*, 773 N.E.2d 300, 301 (Ind.Ct.App.2002). When interpreting a statute, we look to the express language of the statute and the rules of statutory construction. *Id.* However, we may not interpret a statute that is clear and unambiguous on its face. *Id.* Rather, the words of the statute are to be given their plain, ordinary and usual meaning unless a contrary purpose is clearly shown by the statute itself. *Id.* at 301–302. The language employed in a statute is deemed to have been used intentionally. *Id.* at 302.

### History of Double Enhancement in Indiana

The previous version of the habitual offender statute provided, in part, that the State "may seek to have a person sentenced as an habitual offender for any felony by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated felony convictions." Ind.Code § 35–50–2–8(a) (1995) (amended 2001). The language of the statute does not explicitly limit which felonies can be used as the underlying felony.

Our supreme court, however, has limited the circumstances in which the 1995 "general" habitual offender statute could be used to enhance the sentence of a defendant convicted of his third felony. *See Conrad v. State*, 747 N.E.2d 575, 592–93 (Ind. Ct.App.2001) (collecting Indiana Supreme Court cases). *See generally State v. Downey*, 770 N.E.2d 794 (Ind.2002) (reviewing various habitual offender statutes and the interplay between the legislature and judiciary).

In *Ross v. State*, 729 N.E.2d 113 (Ind. 2000), our supreme court addressed "whether a conviction once enhanced by the specific sentencing scheme of the handgun statute can be enhanced again by the general habitual offender statute." *Id.* at 116. Ross had been charged with a misdemeanor handgun violation. Because of a prior felony conviction, the Class A misdemeanor was charged as a Class C felony. Then the State alleged Ross was an habitual offender, using the handgun violation as a Class C felony as the underlying offense.

The court held:

> In light of the statutory construction favoring more specific statutes as op-

---

**5.** In *Conrad v. State*, 747 N.E.2d 575, 595 (Ind.Ct.App.2001), we held the same felony may not be used to prove the commission of SVF and as a predicate felony in an habitual offender adjudication. The Rule of Lenity requires that ambiguities in criminal statutes "be resolved against the penalty." *Ross v. State*, 729 N.E.2d 113, 116 (Ind.2000).

posed to more general ones and because of the Rule of Lenity, a misdemeanor conviction under the handgun statute, once elevated to a felony due to a prior felony conviction, should not be enhanced again under the general habitual offender statute.

*Id.* at 117.

In *Conrad,* this Court considered whether *Ross* "should effectively preclude enhancement under the 'general' habitual offender statute of [the defendant's] sentence for unlawful possession of a firearm by a serious violent felon." *Conrad,* 747 N.E.2d at 592. Conrad was charged with SVF on the basis of a 1978 felony conviction. The State also alleged Conrad was an habitual offender, using the SVF count as the underlying charge and the 1978 felony as one of the two prior felonies. On appeal, we held that, "absent express clarification" from our legislature or our supreme court, "a defendant convicted of unlawful possession of a firearm by a serious violent felon may not have his or her sentence enhanced under the general habitual offender statute by proof of the same felony used to establish that the defendant was a 'serious violent felon.'" *Id.* at 595.

In addition to *Ross* and the Rule of Lenity, we relied on another "familiar principle of Indiana jurisprudence" in reaching our decision: "a material element of a crime may not also constitute an aggravating circumstance to support an enhanced sentence." [6] *Id.* We noted *Conrad* did not involve an aggravating circumstance, but stated:

Nevertheless, we cannot ignore the fact that Conrad's 1978 conviction was used both to prove a material element of the crime of unlawful possession of a firearm by a serious violent felon *and* to support an enhancement of thirty years to Conrad's sentence. Thus, the double use of the 1978 conviction not only conflicts with the Rule of Lenity and *Ross,* but also with established general principles regarding the enhancement of sentences in Indiana.

*Id.* (emphasis in original).

We again considered whether an SVF charge may be enhanced under the prior [7] general habitual offender statute in *Lewis v. State,* 769 N.E.2d 243 (Ind.Ct.App.2002). Lewis was charged with SVF, which charge was used as the underlying felony for an habitual offender enhancement. The SVF charge was based on a 1987 felony while the habitual offender count was supported by predicate felony convictions from 1994 and 1998. We held that "in circumstances in which the felony convictions used to classify the defendant as a serious violent felon and to classify him as an habitual offender are *different,* there is no impediment to imposing an habitual offender enhancement upon a sentence for [SVF]." *Id.* at 249 (emphasis supplied). We distinguished *Conrad* because there the "SVF charge and the habitual offender enhancement ... were both based on the *same* predicate offense." *Id.* (emphasis supplied).

Thus, Townsend is correct that Indiana courts have disfavored double enhance-

---

**6.** Our supreme court has noted this judicial rule of construction is "based on the sound logic that a presumptive sentence already assumes the underlying elements and that it is therefore improper to enhance a sentence based on an act for which the defendant is already presumed to be punished." *West v. State,* 755 N.E.2d 173, 185–186 (Ind.2001).

**7.** Lewis filed an appeal, and his case was decided, after the current statute was in effect. However, the prior habitual offender statute was in effect when he committed the underlying offense. The doctrine of amelioration did not apply under the circumstances of his case. *See Bell v. State,* 654 N.E.2d 856, 858 (Ind.Ct.App.1995).

ments under the previous version of the habitual offender statute. However, that statute was amended effective July 1, 2001. As Townsend's crime occurred after that date, we must determine whether the enhancement of his sentence is prohibited under the new version of the statute.

### 2001 Amendments to the Habitual Offender Statute

The current version of the habitual offender statute provides, in part:

> (a) *Except as otherwise provided in this section,* the state may seek to have a person sentenced as an habitual offender *for any felony* by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated felony convictions.
>
> (b) The state may not seek to have a person sentenced as an habitual offender for a felony offense under this section if:
>
> (1) The offense is a misdemeanor that is enhanced to a felony in the same proceeding as the habitual offender proceeding solely because the person had a prior unrelated conviction;
>
> \*   \*   \*   \*   \*   \*
>
> (e) The requirements in subsection (b) do not apply to a prior unrelated felony conviction that is used to support a sentence as an habitual offender.

Ind.Code § 35–50–2–8 (emphases supplied).

■ The statute allows the State to use *any* felony as the underlying felony for an habitual offender charge, subject to the exceptions in subsection (b). Subsection (b)(1) codifies our supreme court's decision in *Ross,* prohibiting the State from using an enhanced misdemeanor as the *underlying* felony for an habitual offender allega-

tion. *See Ross,* 729 N.E.2d at 117. Subsection (e), however, permits the State to use an enhanced conviction as a *predicate* felony for an habitual offender information, codifying another of our supreme court's decisions. *See Haymaker v. State,* 667 N.E.2d 1113, 1115 (Ind.1996).

■ "In amending an act, the legislature is presumed to have in mind the history of the act and the decisions of the courts on the subject matter of the legislation being construed." *Olatunji v. State,* 788 N.E.2d 1268, 1272 (Ind.Ct.App.2003) (quoting *Stith v. State,* 766 N.E.2d 1266, 1268 (Ind.Ct.App.2002)). It is therefore presumed that subsection (b)(1) is a legislative endorsement of our supreme court's holding in *Ross. Id.*

The State argues the lack of a similar legislative endorsement of *Conrad* is a rejection of that holding, stating, "[a]lthough the *Conrad* decision had already been issued, the legislature chose not to include that scenario under the list of situations in which habitual offender enhancement is prohibited." (Br. of Appellee. at 6.) "Thus, the legislature has provided 'express clarification' that the *Conrad* situation does not constitute an impermissible double enhancement." (*Id.*) However, Senate Bill 358, which included the 2001 amendment to Ind.Code 35–50–2–8, was enrolled on April 29, 2001—the day *before* our decision in *Conrad* was handed down—and signed by the governor on May 7, 2001.[8] Although the legislature is presumed to have the history of the statute and the relevant case law in mind when amending a statute, the legislature is not presumed to be prescient. The State's argument that the lack of a *Conrad* exception in the amended statute is an "express clarification" and rejection of our *Conrad* holding therefore fails.

---

**8.** *See* Action List for Senate Bill 358 of the 2001 Session, Indiana General Assembly Archives, available at *http://www.in.gov/legisla-* *tive/session/archives.html* (accessed June 13, 2003).

In *Olatunji*, we addressed whether the amendments to the general habitual offender statute represented a change in the law or a clarification of the legislature's original intent. An amendment to a statute raises the presumption that the legislature intended to change the law, unless it clearly appears that the amendment was passed in order to express the original intent more clearly. *Olatunji*, 788 N.E.2d at 1272. In that context,[9] we held subsection (b)(1) "clarified the original legislative intent behind the habitual offender statute and confirmed that *Ross* had correctly interpreted that intent" and subsection (e) was a "necessary clarification of the legislature's original intent, not a change in the law." *Id.*

Because *Conrad* was not available to the legislature when it considered the amendments, the legislature did not have an opportunity to provide the clear, express guidance sought by this Court regarding double enhancements and the habitual offender statute. Nevertheless, when reading the plain language of the current habitual offender statute, we cannot ignore its opening phrase—"[e]xcept as otherwise provided in this section." Ind.Code. § 35–50–2–8. The use of the same prior felony to create the underlying felony of unlawful possession of a firearm by a serious violent felon and support the habitual offender enhancement does not appear "in this section."

Accordingly, we affirm.

KIRSCH and MATHIAS, JJ., concur.

---

9. Olatunji appealed the denial of his successive post-conviction relief petition. He argued the recent amendments to the general habitual offender statute represented a change in the law, which change would indicate his sentence enhancement under the previous habitual offender statute was improper.