

**FILED**

Oct 19 2016, 8:19 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Gregory F. Zoeller
Attorney General

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Mark K. Leeman
Leeman Law Office and Cass
County Public Defender
Logansport, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Respondent/Plaintiff,*

v.

Charles Summers,

*Appellee-Petitioner/Defendant.*

October 19, 2016

Court of Appeals Case No.
09A02-1604-MI-933

Appeal from the Cass Superior
Court

The Honorable Thomas C.
Perrone, Judge

Trial Court Cause No.
09D01-1510-MI-70
09D01-1508-F6-233

**Vaidik, Chief Judge.**

# Case Summary

After being ordered to register as a sex offender in Illinois for ten years, Charles Summers moved to Indiana. Summers later registered as a sex offender in Indiana. When Indiana applied its tolling statute to Summers (in order to extend Summers' registration period by the amount of time he was incarcerated in Indiana for new crimes committed), Summers claimed that applying the statute to him violated Indiana's prohibition against ex post facto laws. He argued that when he committed his underlying offense in Illinois, Indiana had not yet enacted its tolling statute. Because Summers was under a tolling requirement in Illinois, we find no punitive burden to maintaining that requirement across state lines. Because there is no ex post facto violation, we reverse the trial court and remand this case.

# Facts and Procedural History

On April 27, 2005, Summers, age thirteen, was adjudicated a juvenile delinquent in Illinois for "Criminal Sex Abuse." Appellant's App. p. 29. He was placed on probation and ordered to register as a sex offender in Illinois for ten years. As a sex offender, if Summers became incarcerated for an unrelated conviction or adjudication, his registration period was tolled for that time period according to Illinois statute, 730 ILCS 150/7.[1] *See Lesher v. Trent*, 944

---

[1] Summers argues that Illinois' tolling statute, 730 ILCS 150/7, does not apply to juveniles. As support for this argument, he cites 730 ILCS 150/3-5, which provides:

N.E.2d 479, 483 (Ill. App. Ct. 2011) (noting that although 730 ILCS 150/7 was amended in 2008 to clarify an "ambiguity" regarding whether tolling was required, the Illinois Appellate Court held that the statute had always required tolling and that "the 2008 amendment merely clarified this requirement"), *reh'g denied*.

[3] Summers moved to Indiana "several years" after his April 27, 2005 delinquency adjudication. Tr. p. 54;[2] Appellant's App. p. 21.

[4] Effective July 1, 2006, the Indiana General Assembly amended the Sex Offender Registration Act's (SORA) definition of sex offender to include "a person who is required to register as a sex offender in any jurisdiction." P.L. 140-2006, § 13; P.L. 173-2006, § 13; *see* Ind. Code §§ 11-8-8-4.5(b)(1), -5(b)(1). Then, effective July 1, 2008, the General Assembly amended SORA to provide that the registration period is tolled during any period that a sex offender is incarcerated. P.L. 119-2008, § 8; *see* Ind. Code § 11-8-8-19(a).

---

Once an adjudicated juvenile delinquent is ordered to register as a sex offender, the adjudicated juvenile delinquent shall be subject to the registration requirements set forth in *Sections 3, 6, 6-5, 8, 8-5, and 10* for the term of his or her registration.

(Emphasis added). Summers asserts that because 730 ILCS 150/7 is not one of the listed sections, it does not apply to juveniles. The listed sections, however, are affirmative things that the offender must do, such as register in person, report changes in address and employment, and submit specimens for DNA analysis (and the penalty for failing to do these things). 730 ILCS 150/7 is not a registration requirement, or something that the offender must do. Rather, it addresses the duration of the offender's registration. Accordingly, we do not agree with Summers that 730 ILCS 150/7 does not apply to juveniles simply because that section is not listed in 730 ILCS 150/3-5. Moreover, Summers does not cite any Illinois case that has held as such.

[2] There are two transcripts in this case, one from each cause number. We use the transcript from the criminal case, Cause No. 09D01-1508-F6-233.

[5] On August 26, 2010, Summers was convicted of two counts of robbery in Miami County, Indiana, and sentenced to the Indiana Department of Correction. After Summers was released from the DOC in 2015, he registered as a sex offender in Cass County, Indiana,[3] *see* Appellant's App. p. 39-40, and was told by the DOC that SORA's tolling statute, Indiana Code section 11-8-8-19(a), extended his duty to register from April 27, 2015, to January 28, 2019, which was the amount of time that he had been incarcerated in the DOC.

[6] On August 2, 2015, police went to Manor Motel in Logansport to verify the address that Summers had provided when he registered as a sex offender in Cass County, and management told police that Summers had moved out a few days earlier. Thereafter, the State charged Summers with Level 6 felony failure to register as a sex offender[4] and Class A misdemeanor failure of a sex offender to possess identification under Cause No. 09D01-1508-F6-233 ("Cause No. F6-233"). Appellant's App. p. 42.

[7] Summers filed a motion to dismiss the criminal charges, arguing that SORA's tolling provision, as applied to him, violated Indiana's prohibition against ex post facto laws because Indiana's tolling provision was enacted three years *after*

---

[3] This appears to be the first time that Summers registered as a sex offender since moving to Indiana.

[4] The charging information lists Indiana Code section 11-8-8-17(a)(1), which provides that a sex offender who knowingly or intentionally fails to register when required to register under this chapter commits a Level 6 felony. Subsection (a)(5), in contrast, provides that it is a Level 6 felony when the offender does not reside at the offender's registered address.

his delinquency adjudication in Illinois. Following a hearing, the trial court dismissed the criminal charges against Summers.

[8] The same day that the criminal charges were dismissed, Summers, pursuant to Indiana Code section 11-8-8-22, filed a petition to remove his name from Indiana's sex-offender registry under Cause No. 09D01-1510-MI-70 ("Cause No. MI-70"). *Id.* at 5. The State later filed a motion to correct error in the criminal case, and the trial court held a joint hearing on the State's motion to correct error and Summers' petition to remove his name from the registry. Following the joint hearing, the court denied the State's motion to correct error and found that Summers' name should be removed from the registry. Tr. p. 56-57. The court issued the following order in Cause No. MI-70:

> [T]he Court . . . now finds that the offense and delinquency adjudication that would qualify [Summers] as a sex offender under current law occurred before Indiana's Sex Offender Registration Act was amended to include a tolling provision, and requiring [Summers] to register is an *ex post facto* punishment that is constitutionally prohibited. [Summers] is therefore not required to register as a sex or violent offender in the State of Indiana.
>
> IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by the Court that [Summers] is not required under Indiana law to register as a sex or violent offender based upon his Dupage County, Illinois, juvenile delinquency adjudication and sentence of April 27, 2005, and the Indiana Department of Correction[] and the County Sheriff are directed to take such steps immediately as are required to remove his name from the Indiana Sex and Violent Offender Registry.

Appellant's App. p. 13.

[9] The State filed a notice of appeal in both cause numbers, and this Court granted the State's motion to consolidate the appeals.

# Discussion and Decision

[10] The State contends that SORA's tolling provision, as applied to Summers, does not violate Indiana's constitutional prohibition against ex post facto laws. Accordingly, the State asks us to "reverse the trial court's judgment" and "remand with instructions to proceed with Summers' criminal case [in Cause No. F6-233] and restore his sex offender registration requirement [in Cause No. MI-70]." Appellant's Reply Br. p. 11.

[11] The fundamental principle to the prohibition against ex post facto laws is that people have a right to fair warning of the criminal penalties that may result from their conduct. *Tyson v. State*, 51 N.E.3d 88, 92 (Ind. 2016). Specifically, our Constitution provides, "No ex post facto law . . . shall ever be passed." Ind. Const. art. 1, § 24. We review questions of law and constitutionality de novo. *Tyson*, 51 N.E.3d at 90. As the party challenging the constitutionality of a statute, Summers bears the burden of proof and all doubts are resolved against him. *Id.* at 91.

[12] In *Tyson*, our Supreme Court addressed whether a thirteen year old, who was adjudicated a delinquent in Texas in 2002 and required to register as a sex offender there until 2014, was required to register as a sex offender when he

later moved to Indiana in 2009.[5] The Court noted that in 2006, the legislature amended SORA's definition of sex offender to include "'a person who is required to register as a sex offender in any jurisdiction.'" *Id.* at 90 (quoting 2006 Ind. Acts 2318). The Court concluded that because Tyson was required to register as a sex offender in Texas, he was a sex offender in Indiana and required to register here for the duration of his Texas requirement.[6] *Id.* at 92.

[13] Our Supreme Court also addressed Tyson's argument that his obligation to register as a sex offender in Indiana violated Indiana's prohibition against ex post facto laws because when he committed the underlying offense in Texas, Indiana's statutory definition had not yet been amended to include him. Applying the intent-effects test—which analyzes whether the statute imposes a punishment or whether the statute is merely part of a non-punitive, regulatory scheme—the Court found no ex post facto violation:

---

[5] On appeal, both the State and Summers make much to do about the fact that the record does not reveal the precise date that Summers moved to Indiana, presumably because they believe if Summers moved here *before* the definition of sex offender was amended to include "a person who is required to register as a sex offender in any jurisdiction," then he "never would have needed to register as a sex offender" in Indiana. Appellee's Br. p. 12. Summers was adjudicated a juvenile delinquent in Illinois on April 27, 2005. Although no precise date was given, Summers conceded in the trial court that he moved to Indiana "several years" after April 27, 2005. Tr. p. 54. SORA was amended a mere fourteen months after April 27, 2005—on July 1, 2006. Because "several years" is longer than fourteen months, Summers necessarily moved to Indiana after the definition of sex offender was amended to include him. Accordingly, contrary to the State's suggestion in its reply brief, this case does not need to be remanded to the trial court "to determine when Summers moved to Indiana." Appellant's Reply Br. p. 7.

[6] Indiana Code section 11-8-8-19(f) provides, "A person who is required to register as a sex or violent offender in any jurisdiction shall register for the period required by the other jurisdiction or the period described in this section, whichever is longer." This subsection was added effective July 1, 2007. *See* P.L. 216-2007, § 27.

Taken as a whole, we find the effects of the amended definition of sex offender in Indiana Code section 11-8-8-5(b)(1), as applied to Tyson, are regulatory and non-punitive. This outcome makes sense in light of other as-applied ex post facto challenges to the Sex Offender Registration Act we've previously considered: unlike *Wallace*[*v. State*, 905 N.E.2d 371 (Ind. 2009)]*,* where the offender had no obligation to register anywhere before the Act was passed, Tyson was required to register in Texas *years* before our statutory definition was amended to include him. His circumstances are much more similar to those in *Jensen* [*v. State*, 905 N.E.2d 384 (Ind. 2009)] and [*Lemon v.*]*Harris*[, 949 N.E.2d 803 (Ind. 2011)], where both offenders already had to register; the challenged amendments merely lengthened that requirement. *We simply cannot say that transferring the obligation upon moving is any more punitive than lengthening it to potentially last a lifetime.*

Finding Tyson merely maintained his sex offender status across state lines, we conclude he has failed to show the amended definition retroactively punishes him in violation of our Constitution's prohibition against ex post facto laws.

*Id.* at 96 (emphasis added).

[14] We reach the same conclusion here. First, as in *Tyson*, Summers was a sex offender in Illinois; by moving across state lines, Summers merely maintained his sex-offender status. Second, although Indiana adopted its tolling provision several years after Summers was adjudicated a juvenile delinquent in Illinois, Summers was already under a tolling requirement in Illinois. There is no

punitive burden to maintaining both of these requirements across state lines.[7] Because Summers has not established an ex post facto violation, we reverse the trial court's dismissal of the criminal charges against Summers in Cause No. F6-233 and reverse the trial court's grant of Summers' petition to remove his name from the sex-offender registry in Cause No. MI-70.

Reversed and remanded.

Baker, J., and Najam, J., concur.

---

[7] Summers argues that our SORA statutory scheme is punitive because, unlike Illinois' statutory scheme, it does not contain a provision that allows for juvenile sex offenders to petition for removal from the registry after only five years. *See* 730 ILCS 150/3-5. Given the discretionary nature of these petitions in Illinois, we do not find that this makes our scheme punitive.