

FILED

Aug 22 2018, 9:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michelle F. Kraus
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dickie D. Bridges,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | August 22, 2018<br><br>Court of Appeals Case No.<br>18A-CR-373<br><br>Appeal from the Allen Superior<br>Court<br><br>The Honorable Frances C. Gull,<br>Judge<br><br>Trial Court Cause No.<br>02D05-1708-F5-214 |

**Baker, Judge.**

[1] Dickie Bridges is charged with Level 5 Felony Failure to Register as a Sex Offender.[1] Bridges moved to dismiss that charge and to remove him from the sex offender registry. He brings this interlocutory appeal from the trial court's denial of his motion, arguing that the tolling of his registration period violated the ex post facto clause of the Indiana Constitution. Finding no error, we affirm.

## Facts

[2] On October 7, 2002, Bridges was convicted of two counts of Class C felony child molesting. As a result, Bridges was required to register with the sex offender registry for ten years pursuant to Indiana's Sex Offender Registration Act.[2] On May 16, 2006, Bridges was released from prison, and his ten-year registration requirement began. On that day, his registration requirement was scheduled to end on May 16, 2016.[3]

[3] The General Assembly amended Indiana Code section 11-8-8-19, effective July 1, 2008, to toll the registration requirements for offenders who commit additional offenses that result in incarceration. Specifically, the amendments required that, if the offender is convicted of a subsequent offense, the

---

[1] Ind. Code § 11-8-8-17(a)(1).

[2] Ind. Code § 11-8-8-1 *et seq.*

[3] Pursuant to legislative amendments to the Act, around the time of his release, Bridges's registration requirement was changed to a lifetime requirement; then, pursuant to *Gonzalez v. State*, 980 N.E.2d 312 (Ind. 2013), it reverted to the ten-year period at issue in this case.

registration period must be tolled during any period that the offender is incarcerated for that subsequent offense. The amendments did not mandate that the ten-year period restart if the offender is convicted and incarcerated for a subsequent offense.

[4] After 2008, Bridges was convicted of the following offenses:

- On April 28, 2010, Bridges was charged with felony[4] operating while intoxicated, an offense alleged to have occurred in March 2010. On August 2, 2010, Bridges was convicted of this offense and received a suspended sentence that was later revoked.
- On March 7, 2011, Bridges was convicted of Class D felony failure to register as a sex offender and sentenced to two executed years.
- On August 2, 2013, Bridges was convicted of Class C felony failure to register as a sex offender and sentenced to four executed years.

[5] When Bridges was released from prison on January 29, 2017, the State advised him that he was required to register as a sex offender. The State applied the 2008 amendments' tolling provision to Bridges's 2010, 2011, and 2013 convictions, and as a result, the State required Bridges to register as a sex offender until January 4, 2020. Bridges did not register during the period of June 29 to July 17, 2017.

[6] On August 3, 2017, the State charged Bridges with Level 5 felony failure to register as a sex offender. On October 23, 2017, Bridges filed a motion to dismiss and to remove himself from the sex offender registry, challenging the

---

[4] The class of felony is not available in the record.

State's application of the 2008 amendments to the tolling of his registration requirement. On October 27, 2017, an evidentiary hearing took place, and on January 25, 2018, the trial court denied Bridges's motion. Bridges now brings this interlocutory appeal.

## Discussion and Decision

[7] Bridges's sole argument on appeal is that the trial court erred by denying his motion to dismiss and to remove him from the sex offender registry.[5] Specifically, Bridges argues that the application of the 2008 amendments, which became effective after his initial offense, violates Indiana's constitutional prohibition against ex post facto laws.

[8] Bridges's argument on appeal is a question of law, which we consider de novo. *Tyson v. State*, 51 N.E.3d 88, 90 (Ind. 2016). When a party challenges a statute as an alleged violation of the Indiana Constitution, that party bears the burden of proof and all doubts are resolved against that party. *Jensen v. State*, 905 N.E.2d 384, 390 (Ind. 2009). "If two reasonable interpretations of a statute are available, one of which is constitutional and the other not, we will choose that path which permits upholding the statute because we will not presume that the legislature violated the constitution unless the unambiguous language of the

---

[5] Bridges also briefly mentions that there is a question as to whether the amount of time to toll his registration period was properly calculated, but then states that this issue is not currently on appeal. Therefore, we decline to address this issue.

statute requires that conclusion." *Id.* (internal quotation marks and citation omitted).

[9] The Indiana Constitution prohibits laws that impose punishment beyond what was prescribed at the time the act was committed. *Tyson*, 51 N.E.3d at 92. The principle fundamental to this prohibition is that people have a right to fair warning of the criminal penalties that may result from their conduct. *Id.* Specifically, our Constitution provides that "[n]o ex post facto law . . . shall ever be passed." Ind. Const. Art. 1, § 24. Article 1, Section 24 "forbids laws imposing punishment for an act that was not otherwise punishable at the time it was committed or imposing additional punishment for an act then proscribed." *Lemon v. Harris*, 949 N.E.2d 803, 809 (Ind. 2011). "The critical question in evaluating an ex post facto claim 'is whether the law changes the legal consequences of acts completed before its effective date.'" *Sewell v. State*, 973 N.E.2d 96, 102 (Ind. Ct. App. 2012) (quoting *Weaver v. Graham*, 450 U.S. 24, 31 (1981)) (italics omitted).

[10] Since it was amended in 2008, Indiana Code section 11-8-8-19 states that the sex offender registration requirement applies until the expiration of ten years after the date the offender is either released from a penal facility; placed in a community transition program; placed in a community corrections program; placed on parole; or placed on probation for the sex offense requiring registration, whichever occurs last. The statute also states that "[t]he registration period is tolled during any period that the sex or violent offender is

incarcerated. The registration period does not restart if the offender is convicted of a subsequent offense." I.C. § 11-8-8-19.

[11]     Bridges contends that the 2008 amendments' tolling provision was applied to him retroactively and therefore violated our state's prohibition against ex post facto laws. But Bridges committed his subsequent offenses in 2010, 2011, and 2013, years after the 2008 amendments became effective. Thus, no retroactive application took place, and without retroactive application, there can be no ex post facto violation. Indeed, this statute does not necessarily apply to all people who have already committed sex offenses—rather, the statute's plain language makes clear that it applies only to people who, after having committed a sex offense, subsequently commit an additional offense that leads to a new sentence of incarceration. Bridges's registration was tolled not because of his 2002 child molestation conviction, but because, after his release in 2006 and after the 2008 amendments became effective, he committed and was convicted of and sentenced for new offenses. And because Bridges committed his subsequent offenses years after the 2008 amendments became effective, he had fair notice and warning that he would be subjected to the tolling provision for his registration if he became incarcerated after 2008.

[12]     Bridges contends that extending his registration to 2020 does not take into account the nearly four years that he was on the registry during his incarceration. It is true that Bridges's profile remained on the registry—and its public website—while he was incarcerated; his profile showed that he was incarcerated during that time. That Bridges spent four years on the registry

without receiving credit for that time is a point well taken. However, that is a policy argument to take to the General Assembly, not an argument for this Court, which "may not interpret a statute that is clear and unambiguous on its face." *Denney v. State*, 773 N.E.2d 300, 301 (Ind. Ct. App. 2002). Because the statute that contains the tolling provision is clear and unambiguous on its face, we are compelled to find that tolling Bridges's registration did not change the legal consequences of the acts that he completed before the 2008 amendments became effective.

[13] In sum, tolling Bridges's registration on the sex offender registry did not violate our state's prohibition against ex post facto laws.

[14] The judgment of the trial court is affirmed.

May, J., and Robb, J., concur.