## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 06 2019, 10:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Elizabeth A. Bellin
Elkhart, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Elmer L. Moore,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 6, 2019

Court of Appeals Case No.
19A-CR-824

Appeal from the Elkhart Superior Court

The Honorable Stephen R. Bowers, Judge

Trial Court Cause No.
20D02-1711-F5-279

**May, Judge.**

Elmer L. Moore appeals his conviction of Level 5 felony failure to register as a sex or violent offender with a prior conviction of failure to register.[1]  He raises one issue on appeal, which we restate as whether the trial court erred in denying his motion to dismiss the charges against him.  We affirm.

# Facts and Procedural History

On or about June 2, 2003, in Cass County, Michigan, Moore had sexual contact with a person he knew or should have known was physically helpless.  Michigan charged Moore with criminal sexual conduct in the fourth degree.[2]  He was convicted, and the court sentenced him to 300 days in jail and 24 months of probation.

Between August 1, 2004, and September 10, 2004, in Goshen, Indiana, Moore sexually molested his ten-year-old niece.  The State of Indiana charged Moore with Class C felony child molesting.[3]  Moore pled guilty, and the court sentenced him in February 2006 to eight years in the Indiana Department of Correction ("DOC").  Moore was released from incarceration to parole on September 16, 2009, and he remained on parole until September 16, 2011.  Both when Moore was placed on parole and when he was discharged from parole, the State notified Moore of his sex

---

[1] Ind. Code § 11-8-8-17(b) (2014).

[2] MCL 750.520e(1)(c).

[3] Ind. Code § 35-42-4-3 (1998).

offender registration obligation and duties, and Moore acknowledged his receipt and understanding of those duties both times.

[4] In December 2011, the State charged Moore with Class D felony failure to register as a sex offender[4] because he had made a material misstatement when he registered with the Elkhart County Sheriff's Office ("ECSO"). Moore pled guilty, and the court imposed a 540-day sentence.

[5] On August 22, 2016, Moore appeared in person at the ECSO and registered as a sex offender. He reported living at an address in Elkhart. On September 30, 2016, Moore reported to the ECSO that he was homeless. Indiana Code Section 11-8-8-12 requires a homeless sex offender to register in-person at the local sheriff's office once every seven days until the offender finds a permanent residence. Moore registered weekly through November 17, 2016. Moore did not register in-person at the ECSO on November 24, 2016, or thereafter, nor did he ever report a permanent address.

[6] On November 8, 2017, the State charged Moore with one count of Level 5 felony failure to register as a sex or violent offender with a prior conviction of failure to register and one count of Level 6 felony failure to register as a sex or violent offender.[5] A public defender was appointed to represent Moore. On January 24, 2019, Moore indicated his wish to proceed *pro se*. At a hearing, the court inquired about Moore's desire to represent himself and his understanding of the risks and responsibilities associated with doing so. The court then granted Moore's request

---

[4] Ind. Code § 11-8-8-17 (2007).

[5] Ind. Code § 11-8-8-17(a) (2014).

and appointed stand-by counsel. Moore waived his right to a jury trial, and the court set the matter for a bench trial on January 29, 2019.

[7] On the morning Moore's bench trial was scheduled to begin, Moore filed a motion to dismiss the charges against him arguing his prosecution was a violation of the Indiana Constitution's prohibition against *ex post facto* laws. The court held a combined hearing on the motion to dismiss and trial of the pending charges, and then the court took the matter under advisement. On February 25, 2019, the court issued an order with findings of fact and an analysis of the applicable law. The court denied Moore's motion to dismiss and found him guilty of Level 5 felony failure to register as a sex or violent offender with a prior conviction of failure to register.[6] On March 25, 2019, the court entered judgment of conviction and imposed a seven-year sentence, with six years executed in the DOC and one year suspended to probation.

# Discussion and Decision

[8] Moore argues the trial court erred by denying his motion to dismiss the charges against him. Generally, we review a trial court's decision to dismiss a criminal indictment for an abuse of discretion. *Tyson v. State*, 51 N.E.3d 88, 90 (Ind. 2016). However, we review the decision *de novo* when, as here, it presents a pure question of law. *Id*.

---

[6] The trial court merged Moore's Level 6 felony failure to register as a sex or violent offender charge into his Level 5 felony conviction.

[9]     Moore alleges the charges against him should have been dismissed because they violated the *ex post facto* clause of the Indiana Constitution. Article 1, Section 24 of the Indiana Constitution provides: "No *ex post facto* law. . . shall ever be passed." This provision is meant to ensure that Hoosiers have fair warning of the criminal penalties that may result from their conduct before they violate the law. *State v. Summers*, 62 N.E.3d 451, 454 (Ind. Ct. App. 2016), *trans. denied*. Moore argues the charges against him were based on *ex post facto* laws because his duty to register in 2016 and 2017 depended on a 2008 amendment of the registration statute.[7] Moore is incorrect, however, as the reporting statute that existed in 2004 created his obligation to register in 2016 and 2017.

[10]    In 2004, when Moore molested his niece, the statute that controlled the length of time Moore would be required to register as a sex offender provided, in relevant part:

> (a) [A]n offender's duty to register under this chapter expires ten (10) years after the date the offender:
>
> (1) is released from a penal facility (as defined in IC 35-41-1-21) or a secure juvenile detention facility of a state or another jurisdiction;

---

[7] Effective July 1, 2008, Indiana's legislature amended the re-codified reporting statute to include a tolling provision for "any period that the sex or violent offender is incarcerated." Ind. Code § 11-8-8-19(a) (2008). However, as we have explained elsewhere, the tolling provision "applies only to people who, after having committed a sex offense, subsequently commit an additional offense that leads to a new sentence of incarceration." *Bridges v. State*, 109 N.E.3d 453, 456 (Ind. Ct. App. 2018). The tolling provision did not change the date a sex offender's registration obligation began. *Id.* at 454 ("On May 16, 2006, Bridges was released from prison, and his ten-year registration requirement began."). Rather, the tolling provision just provided that if an offender is registering as a sex offender and then becomes incarcerated for a crime other than his original sex offense, he cannot apply the time he is imprisoned for the new offense toward completion of his sex offender registration period. *Id.* at 456. As Moore's ten-year obligation to register existed in 2016 and 2017 without consideration of this tolling provision, Moore's *ex post facto* argument has no merit.

(2) is placed in a community transition program;

(3) is placed in a community corrections program;

(4) is placed on parole; or

(5) is placed on probation;

whichever occurs last.

Ind. Code § 5-2-12-13 (2004).

[11] Moore does not contest that he failed to register as a sex offender or provide a permanent address after November 17, 2016. Rather, Moore argues his registration obligation began on the day of his conviction and expired in 2016. However, the plain language of the statute in effect in 2004 provided Moore's registration period for molesting his niece did not begin to run until he was placed on parole. The DOC placed Moore on parole on September 16, 2009. Moore's instant offense predated September 16, 2019. Therefore, Moore's registration obligation had not expired when he committed the instant offense, and the trial court properly rejected Moore's motion to dismiss the charges against him. *See Summers*, 62 N.E.3d at 455 (holding motion to dismiss should be denied where charges did not violate *ex post facto* prohibition).

# Conclusion

[12] The trial court properly denied Moore's motion to dismiss because the law in effect at the time Moore molested his niece provided notice to Moore that he would have

to register as a sex offender for at least ten years after being released from incarceration. Because Moore was released from incarceration on his child molestation conviction in 2009, he was still under an obligation to register as a sex offender in 2016 and 2017, and he failed to do so. Therefore, we affirm Moore's conviction of Level 5 felony failure to register as a sex or violent offender with a prior conviction of failure to register.

[13] Affirmed.

Najam, J., and Bailey, J., concur.