**Eric A. ROSS, Appellant
(Defendant Below),**

v.

**STATE of Indiana, Appellee
(Plaintiff Below).**

**No. 82S01–0005–CR–334.**

Supreme Court of Indiana.

May 25, 2000.

John D. Clouse, John P. Brinson, Evansville, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Geoff Davis, K.C. Norwalk, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

SHEPARD, Chief Justice.

Appellant Eric Alan Ross was convicted of a misdemeanor violation of Indiana's handgun statute.[1] Because Ross had an earlier felony conviction, the present conviction was enhanced to a class C felony.[2] The court also found that Ross was an habitual offender and added a penalty under the general habitual offender statute.[3]

Ross asserts it was improper to sentence him under two different sentence enhancement schemes. We agree.

## I. Statement of Facts

On April 12, 1997, armed with a .22 caliber pistol, Ross attacked his ex-girlfriend in an Evansville parking lot. The State charged Ross in multiple counts. A jury found him guilty on most of them: criminal confinement as class D felony,[4] battery as a class B misdemeanor,[5] battery on a law enforcement officer as a class D felony,[6] resisting law enforcement as a class D felony,[7] and carrying a handgun

---

1. Ind.Code Ann. § 35–47–2–23(c) (West Supp. 1996).

2. Ind.Code Ann. § 35–47–2–23(c)(2)(B) (West Supp.1996).

3. Ind.Code Ann. § 35–50–2–8 (West Supp. 1996).

4. Ind.Code Ann. § 35–42–3–3 (West Supp. 1998).

5. Ind.Code Ann. § 35–42–2–1 (West Supp. 1996).

6. Ind.Code Ann. § 35–42–2–1(a)(2)(A) (West Supp.1996).

7. Ind.Code Ann. § 35–44–3–3(b)(1) (West Supp.1996).

without a license as a class A misdemeanor.[8] The jury acquitted him of criminal confinement as a class B felony.[9]

Prosecutors had alleged that the handgun misdemeanor should be enhanced to a felony under the handgun statute, Ind. Code § 35–47–2–23(c)(2)(B), because Ross had been convicted of another felony within the past fifteen years. Building on this newly enhanced felony, they also charged him with being an habitual offender, under the general habitual offender statute, Ind. Code § 35–50–2–8, saying he had been convicted of two unrelated felonies.

Ross waived his right to a jury trial on these two counts. The trial judge found that Ross did have a prior felony conviction within the past fifteen years[10] and thus enhanced the misdemeanor conviction for carrying a handgun without a license to a class C felony. The trial judge also found Ross had at least two prior unrelated felony convictions[11] and was thus an habitual offender.

The trial court imposed concurrent sentences: three years each for confinement, battery on a law enforcement officer, and resisting law enforcement; six months for the misdemeanor battery; and eight years for the handgun felony. The trial court enhanced the handgun felony by an additional ten years due to the habitual finding.

The Court of Appeals affirmed. *Ross v. State*, 700 N.E.2d 514 (Ind.Ct.App.1998). We grant transfer.

## II. Inappropriate Double Enhancement

Ross asserts that since the handgun conviction had already been enhanced once by the trial court from a class A misdemeanor to a class C felony, it was improper for the trial court to impose the enhancement contained in Indiana's general habitual offender scheme.

Ross cites three cases for the proposition that a conviction enhanced under its own specific enhancement scheme may not be further enhanced under the habitual substance offender statute[12] or the general habitual offender statute,[13] *Freeman v. State*, 658 N.E.2d 68 (Ind.1995), *Devore v. State*, 657 N.E.2d 740 (Ind.1995), and *Stanek v. State*, 603 N.E.2d 152 (Ind.1992).

In *Freeman*, the trial court enhanced Freeman's drunken driving conviction to a felony based on a prior drunken driving conviction. Then the trial court enhanced his sentence by finding him to be an habitual substance offender. *Freeman*, 658 N.E.2d at 69. We determined the enhancement scheme for repeat drunken driving convictions was a scheme for punishment based on "the specific combination of alcohol and operating a vehicle required for conviction as well as the particular time frame within which it must occur." *Id.* at 71. In contrast, the habitual substance offender statute is more general because it does not contain progressive punishment based on frequency or severity. Instead, it broadly defines the activities that trigger enhancement. *Id.*

We concluded that Freeman could be subjected only to the more specific punishment scheme contained in the drunken driving statute, citing the rule of statutory construction that directs that a more specific statute will supersede a more general one. *Id.* (citing *Sanders v. State*, 466 N.E.2d 424, 428 (Ind.1984)). In *Devore*,

**8.** Ind.Code Ann. § 35–47–2–23 (West Supp. 1996).

**9.** Ind.Code Ann. § 35–42–3–3 (West Supp. 1996).

**10.** Ross was convicted on April 27, 1993 of battery as a felony.

**11.** Ross had been convicted on March 26, 1993 of the felonies of criminal recklessness, resisting law enforcement, and battery. He

was convicted on October 25, 1991 of battery as a felony.

**12.** Ind.Code Ann. § 35–50–2–10 (West Supp. 1996).

**13.** Ind.Code Ann. § 35–50–2–8 (West Supp. 1996).

the Court dealt with the same two statutes and held that in the "absence of clear legislative language to the contrary, such double enhancement cannot be permitted." *Devore,* 657 N.E.2d at 742.

In *Stanek,* 603 N.E.2d 152, the Court considered the interaction between the habitual violator of traffic laws statute [14] and the general habitual offender statute. The habitual traffic offender statute imposes more severe penalties for repeat offenses. The defendant in *Stanek* was convicted of operating a motor vehicle after his driving privileges had been forfeited for life, a class C felony. The trial judge ordered a four-year sentence for the class C conviction and added twenty years under the habitual offender statute. *Id.* at 153.

We acknowledged in *Stanek* that the habitual offender statute was facially applicable but held that the legislature did not intend a conviction for a class C felony under the statute covering habitual traffic violators, which we described as a "discreet, separate, and independent habitual offender statute," to be subject to further enhancement under the general habitual offender statute. *Id.* at 153–54.[15]

Ross' claim is about the same as those in *Freeman, Devore,* and *Stanek* except that it involves the handgun statute in connection with the general habitual offender statute.[16]

■ The issue here is whether a conviction once enhanced by the specific sentencing scheme of the handgun statute can be enhanced again by the general habitual offender statute.

In Ross' situation, the habitual offender statute can be viewed as being as broad as the habitual substance offender statute in *Freeman.* Enhancement possibilities under each statute can be based on any kind of felony, or any kind of substance offense. In addition, the handgun statute in the present case also contains a more severe penalty for a repeat violation and for specific circumstances, much like the drunken driving statute in *Freeman.* Using the analysis employed by *Freeman,* the handgun statute can be viewed as the more detailed and specific statute while the general habitual offender statute "remains a general prohibition on repeat offenses regardless of the activity ... involved." *Id.*

■ When faced with a general statute and a specific statute on the same subject, the more specific one should be applied. *See id.; Sanders,* 466 N.E.2d at 428. The trial court should not use an already enhanced handgun conviction as the basis for further enhancement under the general habitual offender statute.

■ Beyond the rule of construction that places specific statutes ahead of general ones, when a conflict arises over the question of imposing a harsher penalty or a more lenient one, the longstanding Rule of Lenity should be applied. "It is a familiar principle that statutes which are criminal or penal in their nature or which are in derogation of a common-law right must be strictly construed." *State v. Pence,* 173 Ind. 99, 104, 89 N.E. 488, 490 (1909). Also, "where there is ambiguity it must be resolved against the penalty ..." *Dowd v. Sullivan,* 217 Ind. 196, 203, 27 N.E.2d 82, 85 (1940).

---

**14.** Now codified at Ind.Code Ann. § 9–30–10 (West Supp.1999).

**15.** In *Haymaker v. State,* 667 N.E.2d 1113 (Ind.1996), Justice Selby noted that after *Freeman* and *Devore,* the legislature modified the habitual substance offender statute at issue in those cases. As a result, after July 1, 1996, prior convictions for drunken driving may serve as predicate offenses for habitual substance offender enhancements. *Id.* at 1115.

No similar legislation was enacted with respect to the handgun violations involved in this case.

**16.** While the State relies on *Woods v. State,* 471 N.E.2d 691, 692–93 (Ind.1984), it is apparent that we held there only that double jeopardy did not prohibit the repetitive use of prior convictions for enhancements such as the one in this case.

In light of the statutory construction favoring more specific statutes as opposed to more general ones and because of the Rule of Lenity, a misdemeanor conviction under the handgun statute, once elevated to a felony due to a prior felony conviction, should not be enhanced again under the general habitual offender statute.[17]

### Conclusion

While it was error to enhance the handgun conviction a second time, Ross' other contentions of error are unavailing. We summarily affirm the Court of Appeals dispositions on those contentions. Ind. Appellate Rule 11(B)(3). Accordingly, the convictions and Ross' status as an habitual offender are affirmed. We remand for resentencing on the habitual offender finding.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.

---

**17.** The contrary holding in *Thomas v. State,* 684 N.E.2d 222 (Ind.Ct.App.1997), is disap- proved.