**Joel BURRUS, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–0106–CR–406.**

Court of Appeals of Indiana.

Feb. 4, 2002.

**470**

Janice L. Stevens, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Joel Burrus appeals his sentences for two counts of dealing in cocaine as class B felonies,[1] one count of possession of cocaine as a class D felony,[2] and one count of carrying a handgun without a license as a class A misdemeanor.[3] Burrus raises one issue, which we restate as whether the trial court abused its discretion by enhancing Burrus's conviction for dealing in co-

caine due to his habitual offender status. We affirm.[4]

The facts most favorable to the judgment follow. On October 7, 1997, the State charged Burrus with two counts of dealing in cocaine as class B felonies, three counts of possession of cocaine as class D felonies, and one count of carrying a handgun without a license. The State enhanced the carrying a handgun without a license charge from a class A misdemeanor to a class C felony as the result of Burrus's 1986 burglary conviction.[5] Burrus was convicted on all counts.

Originally, the trial court merged two of the possession of cocaine counts with the two dealing in cocaine counts. The trial court sentenced Burrus to fourteen years for each dealing in cocaine count, two years for one possession of cocaine count, and six years for the carrying a handgun without a license count. Further, the trial court enhanced one count of dealing in cocaine by fifteen years due to Burrus's habitual offender status.[6] The trial court ordered that the sentences be served concurrently. The end result was that the trial court sentenced Burrus to twenty-nine years in the Indiana Department of Correction.

Burrus appealed his convictions, and on January 16, 2001, this court affirmed in part and reversed and remanded in part with instructions that the two merged possession of cocaine convictions be vacated. *See Burrus v. State,* No. 49A02–0005–CR–310, mem. op., 741 N.E.2d 805 (Ind.Ct.

---

1. Ind.Code § 35–48–4–1.

2. Ind.Code § 35–48–3–6.

3. Ind.Code § 35–47–2–1, 23.

4. Burrus's attention is directed to Ind.App. Rule 46(A)(10) which requires an appellant's brief to "include any written opinion, memo-

randum of decision or findings of fact and conclusions thereon relating to the issues raised on appeal."

5. I.C. § 35–47–2–23.

6. Burrus was convicted of burglary, a class C felony, in 1986 and possession of cocaine, a class D felony, in 1995.

App. January 16, 2001). Burrus then moved the trial court to correct his erroneous sentence. After vacating the two merged possession of cocaine convictions, the trial court reduced the handgun conviction from a class C felony to a class A misdemeanor and sentenced Burrus to one year in the Department of Correction. The trial court also reduced Burrus's sentence for dealing in cocaine from fourteen years to the presumptive sentence of ten years. However, the trial court maintained the fifteen-year sentence enhancement due to Burrus's adjudication as an habitual offender. The trial court again ordered the sentences to be served concurrently. As modified, the trial court effectively sentenced Burrus to twenty-five years in the Indiana Department of Correction.

■ The sole issue is whether the trial court abused its discretion by enhancing Burrus's dealing in cocaine conviction due to his habitual offender status. Sentencing decisions are entrusted to the sound discretion of the trial court, are given great deference, and will only be reversed for abuse of discretion. *Jackson v. State,* 735 N.E.2d 1146, 1154 (Ind.2000). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Fuquay v. State,* 689 N.E.2d 484, 486 (Ind.Ct.App.1997), *trans. denied.*

Burrus argues that the trial court was required to enhance his conviction for carrying a handgun without a license from a class A misdemeanor to a class C felony rather than enhance the dealing in cocaine conviction based upon his habitual offender status. Burrus bases his argument on our supreme court's holding in *Ross v. State,* 729 N.E.2d 113 (Ind.2000). In *Ross,* the defendant was convicted of carrying a handgun without a license. *Id.* at 114–115. Ross's handgun offense was enhanced from a class A misdemeanor to a class C

felony based upon Ross's prior felony conviction. *Id.* at 115. "Building on this newly enhanced felony," the State also charged Ross with being an habitual offender. *Id.* Thus, Ross was sentenced to eight years for the handgun felony, and the trial court enhanced the handgun felony by ten years due to the habitual offender status. *Id.*

■ Ross argued that it was improper for the trial court to impose the habitual offender enhancement to the handgun conviction that had already been enhanced from a class A misdemeanor to a class C felony. *Id.* Our supreme court noted that "[w]hen faced with a general statute and a specific statute of the same subject, the more specific one should be applied. The trial court should not use an already enhanced handgun conviction as the basis for further enhancement under the general habitual offender statute." *Id.* at 116. Moreover,

> when a conflict arises over the question of imposing a harsher penalty or a more lenient one, the longstanding Rule of Lenity should be applied. "It is a familiar principle that statutes which are criminal or penal in their nature or which are in derogation of a common-law right must be strictly construed." *State v. Pence,* 173 Ind. 99, 104, 89 N.E. 488, 490 (1909). Also, "where there is ambiguity it must be resolved against the penalty . . ." *Dowd v. Sullivan,* 217 Ind. 196, 203, 27 N.E.2d 82, 85 (1940).

*Id.* Thus, our supreme court held that the trial court erred by enhancing the handgun conviction a second time. *Id.* at 117.

■ Burrus argues, based upon *Ross,* that the trial court should have applied the specific handgun enhancement rather than the general habitual offender enhancement and should have applied the rule of lenity. However, *Ross* is distinguishable from the current situation. In

*Ross,* the handgun conviction that had been enhanced to a felony because of Ross's previous felony conviction was also enhanced by a general habitual offender enhancement, resulting in a double enhancement of a single conviction. *Id.* at 115–116. In this case, Burrus's dealing in cocaine sentence was enhanced only because of his habitual offender status. The sentence for dealing in cocaine was not also enhanced by a specific enhancement statute. Consequently, Burrus's conviction for dealing in cocaine was not enhanced twice, and *Ross* does not require us to hold that the trial court abused its discretion.

Nevertheless, Burrus claims that the trial court abused its discretion when it removed the specific handgun enhancement and kept the general habitual offender enhancement because when a court is faced with a choice between a general statute and a specific statute, the court should pick the specific statute. The problem with Burrus's argument is that the rule applies only when the general and specific statutes apply to the same subject. *Id.* at 116. Here, the trial court chose between a general enhancement to a dealing in cocaine charge and a specific enhancement to a handgun charge. Because the two enhancements were not applied to the same subject, the rule did not apply.

■ Similarly, Burrus's rule of lenity argument fails. When the trial court chose to enhance the dealing in cocaine conviction rather than the handgun conviction, the trial court was not faced with an ambiguity between a harsher penalty and a lesser penalty on the same subject. The trial court was not required to give the enhancement that resulted in a lesser penalty. For example, where a defendant is convicted of multiple felonies at the same time and the defendant is an habitual offender, the trial court may attach the habitual offender finding to any of the relevant felonies even if attachment results in a harsher penalty. *See, e.g., Wilson v. State,* 688 N.E.2d 1293, 1295 (Ind.Ct.App. 1997) (holding that "[w]here a defendant is convicted of simultaneous multiple felonies and a habitual offender finding has been made, . . . the particular felony conviction to which the habitual offender enhancement is attached is not relevant").

Burrus points to no relevant authority that would require the trial court to impose the lesser penalty. Indeed, Burrus's argument, when taken to its logical conclusion, would require the trial court to always impose the most lenient sentencing scheme and would intrude upon the trial court's discretion to determine the appropriate sentencing. The fact that the trial court chose to apply the habitual offender enhancement rather than the handgun enhancement does not warrant reversal absent a showing of abuse of discretion. We find no abuse of discretion in this case. *Cf. Ross,* 729 N.E.2d at 117.

For the foregoing reasons, we affirm Burrus's sentence.

Affirmed.

DARDEN, J., and BAILEY, J., concur.