**Michelle Dawn HOOK, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A02–0109–CR–633.

Court of Appeals of Indiana.

Sept. 25, 2002.

Richard Walker, Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Michelle Dawn Hook ("Hook") was convicted of maintaining a common nuisance, as a Class D felony,[1] and resisting law enforcement, as a Class A misdemeanor,[2] in Madison Superior Court. She was sentenced to eighteen months and twelve months, respectively. The sentences were to run concurrently and all but three months of her sentence was suspended. Hook appeals arguing that the evidence was insufficient to sustain her conviction for maintaining a common nuisance.

We reverse and remand for resentencing.

### Facts and Procedural History

The facts most favorable to the judgment reveal that on August 4, 2000, Officer Chris Frazier ("Officer Frazier") of the Anderson Police Department went to Hook's home at 2111 Sheridan Street in Anderson, Indiana, in order to look for a suspect who was wanted on warrant. As Officer Frazier approached Hook's house, he observed people inside of the house through the screen door. He saw two adult females, one adult male, and a small child. Officer Frazier also noticed a very strong odor of burnt marijuana coming from the inside of the house.

After smelling the marijuana, Officer Frazier instructed the people inside of Hook's house to come out onto the porch. As they exited, Officer Frazier noticed a second adult male inside of the house, who was later identified as Jeremy Jones ("Jones"). As Officer Frazier was speaking to the two males, Jones jumped off of the porch and started to run away. Officer Frazier chased Jones, eventually caught him, and then returned to Hook's home.

When he returned, he placed Hook under arrest for maintaining a common nuisance and read Miranda rights to her. Hook then told Officer Frazier that she knew all of the people who were in her house and that what had been burnt was marijuana, which she knew the odor of from past experience. Tr. p. 39. She also said that Jones had been the one who brought the marijuana into the house, and he was also the one who had burnt it. Tr. p. 40.

Officer Frazier also spoke with the other adult female who had been inside Hook's house, Laura Davidson ("Davidson"). Davidson stated that Jones had been smoking marijuana in Hook's home very shortly before Officer Frazier arrived. Tr. p. 43. Davidson said that Jones had just begun to smoke a "blunt"[3] when Officer Frazier came to the door. Tr. p. 62. Davidson also stated that Hook was present in the room when Jones burnt the marijuana. Tr. p. 136.

As Anderson police officers were attempting to handcuff Hook, she called to her child to come to her and picked him up. She held the child against her chest and wrapped her arms tightly around him. The officers told Hook to put the child down, but Hook continued to back away from the officers when they tried to handcuff her. Eventually, an officer had to physically remove the child from her arms

---

1. Ind.Code § 35–48–4–13(b)(1) (1998).

2. Ind.Code § 35–44–3–3(a)(1) (1998).

3. Davidson described this as a cigar, with all of the tobacco taken out, and filled with marijuana instead. Tr. p. 60.

in order to place handcuffs on Hook. At trial, Hook admitted that she pulled away and resisted when the officers attempted to handcuff her. Tr. p. 115.

On August 18, 2000, Hook was charged with one count of maintaining a common nuisance, as a Class D felony, and one count of resisting law enforcement, as a Class A misdemeanor. A jury trial was held on June 4, 2001, and Hook was found guilty of both offenses. She was sentenced on August 23, 2001, to eighteen months for maintaining a common nuisance and twelve months for resisting law enforcement, with both sentences to run concurrently and all suspended except for three months to be served on home detention. Hook appeals.

### Discussion and Decision

Hook argues that the evidence is insufficient to sustain her conviction of maintaining a common nuisance because at trial the State only proved that one person used marijuana in her home. Our standard of review for sufficiency of the evidence is firmly established. We do not reweigh the evidence or judge the credibility of the witnesses. *Farris v. State*, 753 N.E.2d 641, 647 (Ind.2001). Instead, we look to the evidence and the reasonable inferences to be drawn therefrom that support the verdict. *Id.* Where there is substantial evidence of probative value to support the verdict, it will not be disturbed. *Jordan v. State*, 691 N.E.2d 487, 489 (Ind.Ct.App. 1998).

The crime of maintaining a common nuisance is defined in Indiana Code section 35–48–4–13(b)(1), which in pertinent part reads:

> (b) A person who knowingly or intentionally maintains a building, structure, vehicle, or other place that is used one or more times:
>
> (1) by *persons* to unlawfully use controlled substances
>
> . . . commits maintaining a common nuisance, a Class D felony.

Ind.Code § 35–48–4–13(b)(1) (1998) (emphasis added). Hook argues that the word "persons" as used in the statute requires the State to prove that more than one person used marijuana in her home.

Statutes that are criminal or penal in nature must be strictly construed. *Burrus v. State*, 763 N.E.2d 469, 471 (Ind. Ct.App.2002), *trans. denied.* Although an act may fall within the spirit of the statute, it will not constitute a crime unless it is also within the words of the statute. *State v. Kemp*, 753 N.E.2d 47, 50 (Ind.Ct.App. 2001) (citing *Herron v. State*, 729 N.E.2d 1008, 1010 (Ind.Ct.App.2000), *trans. denied*). Also, criminal statutes may not be enlarged by construction, implication, or intendment beyond the fair meaning of the words used. *Herron*, 729 N.E.2d at 1010. Words and phrases are thought to have their plain, ordinary, and usual meaning unless a different meaning is shown by the statute. *Becker v. State*, 703 N.E.2d 696, 698 (Ind.Ct.App.1998).

The above statute uses the word "persons" and is a criminal statute, so it must be strictly construed. *See Burrus*, 763 N.E.2d at 471. The word "persons" is the plural form of the noun "person" and means more than one person and nothing within the statute directs us to a different meaning. Indiana Code section 35–48–4–13 therefore requires the evidence to show that more than one person unlawfully used controlled substances within the home.

At Hook's trial, the evidence presented showed only that Jones unlawfully used marijuana inside of Hook's home. No other evidence was admitted or offered to show that anyone other than Jones used marijuana inside of Hook's home. Construing the applicable statute strictly as we must, we find that the evidence was not sufficient to sustain Hook's conviction for maintaining a common nuisance because there was no competent evidence to show

that more than one person was using marijuana inside of Hook's home.

### Conclusion

We therefore reverse Hook's conviction for maintaining a common nuisance due to insufficient evidence. Because the trial court imposed concurrent sentences for Hook's two offenses with all but three months suspended, we reverse her conviction for maintaining a common nuisance and remand for resentencing on her conviction for resisting law enforcement.

Reversed and remanded for resentencing.

BARNES, J., and KIRSCH, J., concur.