John CUSHENBERRY, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–0210–PC–487.

Court of Appeals of Indiana.

July 30, 2003.

John Cushenberry, Bunker Hill, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge.

John Cushenberry pled guilty to possession of a firearm by a serious violent felon, aggravated battery, and being a habitual offender. He challenged the sentence imposed thereon via a motion to correct erroneous sentence. Cushenberry, *pro se,* presents as the sole issue on appeal the denial of that motion.

We affirm.

On August 23, 2001, Cushenberry was charged with robbery, unlawful possession of a firearm by a serious violent felon, battery as a class C felony, and two counts of carrying a handgun without a license, one as a class A misdemeanor and one as a class C felony. The State later added allegations that Cushenberry committed aggravated battery and was a habitual offender. Cushenberry and the State entered into a plea agreement whereby Cushenberry agreed to plead guilty to possession of a firearm by a serious violent felon, aggravated battery, both class B felonies, and being a habitual offender. In exchange, the State agreed to drop the remaining charges. The Agreement did not specify a sentence, but instead provided that the executed portion of the sentence would not exceed sixteen years. The court sentenced Cushenberry to the presumptive ten years for each of the B felony convictions, and enhanced the sentence for aggravated battery by ten years as a result of Cushenberry's habitual offender status. Finally, the court suspended four years of the enhanced twenty-year sen-

tence, for a total executed sentence of sixteen years. On August 21, 2002, Cushenberry filed a *pro se* Verified Motion to Correct Erroneous Sentence, which the court denied.

Our supreme court has determined that motions to correct erroneous sentence are to be considered as petitions for post-conviction relief (PCR). *Davis v. State*, 771 N.E.2d 647 (Ind.2002). Our standard of review when considering PCR petitions is well settled:

> A post-conviction petition under Ind. Post Conviction Rule 1 is a quasi-civil remedy, and, as such, the petitioner bears the burden to prove by a preponderance of the evidence that he or she is entitled to relief. On appeal from the denial of a petition for post-conviction relief, we neither reweigh the evidence nor judge the credibility of the witnesses. To prevail on appeal, the petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that the decision will be disturbed as being contrary to law.

*Moody v. State*, 749 N.E.2d 65, 67 (Ind.Ct. App.2001), *trans. denied* (citations omitted).

Cushenberry claims that the trial court imposed an unconstitutional sentence. Specifically, he contends that the sentence for aggravated battery was enhanced twice, first by operation of the aggravated battery statute, Ind.Code Ann. § 35–42–2– 1.5 (West, PREMISE through 2002 1st Special Sess.), and then by application of the general habitual offender statute, Ind. Code Ann. § 35–50–2–8 (West, PREMISE through 2002 1st Special Sess.). In support of this argument, Cushenberry cites several cases, principally *Ross v. State*, 729 N.E.2d 113 (Ind.2000). In that case, the supreme court held that when a misdemeanor conviction is elevated to a felony under Ind.Code Ann. § 35–47–2–23 (West 1998) (the handgun statute) because of a prior felony conviction, the sentence therefor should not be enhanced again under the general habitual offender statute. In *Ross*, the defendant was convicted of carrying a handgun without a license The conviction was elevated from a class A misdemeanor to a class C felony because the defendant had a prior felony conviction within the preceding fifteen years. The sentence was further enhanced under the general habitual offender statute. The supreme court identified the specific issue as, "whether a conviction once enhanced by the specific sentencing scheme of the handgun statute can be enhanced again by the general habitual offender statute." *Ross v. State*, 729 N.E.2d at 116. The court determined that it could not, because such amounted to an impermissible double enhancement. The court arrived at that decision following a comparison of the punishment schemes in the handgun statute and the general habitual offender statute. Ultimately, the court determined that the handgun statute has some features of a habitual offender statute. The court characterized the former as more specific than the latter, and held that only one, not both, could apply. The instant case involves the aggravated battery statute,[1] not the hand-

---

1. I.C. § 35–42–2–1.5, the aggravated battery statute, states,

> A person who knowingly or intentionally inflicts injury on a person that creates a substantial risk of death or causes:
> (1) serious permanent disfigurement;
> (2) protracted loss or impairment of the function of a bodily member or organ; or
> (3) the loss of a fetus;
> commits aggravated battery, a Class B felony.

gun statute. We must determine whether the principle articulated in *Ross* applies here.

I.C. § 35–47–2–3, the provision of the handgun statute at issue in *Ross,* is not denominated as a "habitual offender statute." Like the general habitual offender statute, however, it provides increasingly serious classifications of offenses based upon the presence of certain additional factors, such as prior convictions. It was this progressive-punishment aspect of the statute ("a misdemeanor conviction under the handgun statute, once elevated to a felony due to a prior felony conviction, should not be enhanced again . . .," *Ross v. State,* 729 N.E.2d at 117) that led the court to rule as it did.

The same principle was evident in a case cited by the *Ross* court in reaching its decision. In *Stanek v. State,* 603 N.E.2d 152 (Ind.1992), the court determined that a defendant could not be penalized for the same offense under both the habitual traffic offender law and again under the general habitual offender statute. In *Stanek,* the court defined the habitual traffic offender statute as prescribing "penalties for those it defines as habitual violators of traffic laws, ranging from an administrative suspension of privileges to conviction of a class C felony." *Id.* at 153.

We conclude that I.C. § 35–42–2–1.5 does not constitute a habitual offender statute within the meaning of *Stanek,* nor is it a part of a sentencing scheme that progressively elevates the classifications of an offense based upon identified criteria with features similar to the habitual offender statute, as was the case in *Ross.* For this reason, the principle enunciated in those cases is inapplicable here. Unlike the habitual traffic offender scheme and the handgun statute, the aggravated battery statute is a discrete and separate statute defining a single offense. Aggravated battery is, by definition, a class B felony. Thus, Cushenberry's conviction of aggravated battery as a class B felony does not represent an elevation of a lesser classification of aggravated battery. There is no such offense. As a result, the imposition of a habitual offender enhancement did not represent a second enhancement of the aggravated battery offense. The trial court did not err in denying Cushenberry's motion to correct erroneous sentence.

Judgment affirmed.

VAIDIK, J., and ROBB, J., concur.