ATTORNEYS FOR APPELLANT
Susan K. Carpenter
Public Defender of Indiana

Richard Denning
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Nicole M. Schuster
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 49S05-0510-PC-470

SHELLEY JOHNSON,

*Appellant (Petitioner below),*

v.

STATE OF INDIANA,

*Appellee (Respondent below).*

Appeal from the Marion Superior Court, No. 49G01-9801-PC-9721
The Honorable Tanya Walton Pratt, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A05-0303-PC-101

**October 13, 2005**

**Shepard, Chief Justice.**

Shelley Johnson appeals the denial of his petition for post-conviction relief. We address only a single issue, whether Johnson was entitled to the retroactive benefit of our decision in Ross v. State, 729 N.E.2d 113 (Ind. 2000). As we hold today in Jacobs v. State, __ N.E.2d __ (Ind. 2005), as a change in substantive law, Ross is to be applied retroactively on collateral review. We thus reverse the post-conviction court.

**Facts and Procedural History**

In January 1998, the State charged Shelley Johnson with carrying a handgun without a license as a class A misdemeanor, resisting arrest, and possession of a controlled substance. The charges stemmed from an incident that occurred on November 21, 1997. The State later sought to enhance the handgun charge to a class C felony citing Johnson's earlier conviction for robbery. In March 1998, the State sought further enhancement under the general habitual offender statute, section 35-50-2-8 of the Indiana Code.

In September 1998, a jury found Johnson guilty of the misdemeanor handgun charge, resisting arrest, and possession of a controlled substance. Johnson then stipulated to the enhancement of the handgun offense to a class C felony, and to the general habitual offender enhancement. The trial court imposed a sentence of six years for the class C handgun conviction, one year concurrent for possession, and one year for resisting, served consecutively. It added eight years to the handgun conviction by virtue of the habitual offender finding. It ordered the sentence in this case to run consecutively to a sentence in another criminal matter.

On direct appeal, Johnson challenged his conviction. The Court of Appeals affirmed. Johnson v. State, 49A02-9811-CR-920 (Ind. Ct. App. Nov. 16, 1999).

In May 2000, we announced our decision in Ross v. State, 729 N.E.2d 113, 116-17 (Ind. 2000), which held that a misdemeanor handgun charge enhanced to a felony could not be further enhanced by using the general habitual offender statute. In June 2000, Johnson filed a petition for post-conviction relief that was amended in August 2002. In the amended petition, Johnson sought relief by arguing, among other claims, that Ross should be applied retroactively and that the eight years added to his sentence under the general habitual offender statute should be removed.

The post-conviction court denied the petition, and the Court of Appeals affirmed. Johnson v. State, 49A05-0303-PC-101 (Ind. Ct. App. Jan. 12, 2004). We grant transfer solely to

address the issue of <u>Ross</u>'s retroactivity.  We otherwise summarily affirm the decision of the Court of Appeals.  Ind. Appellate Rule 58(A).

**This Case Is Like <u>Jacobs</u>**

As we hold in <u>Jacobs v. State</u>, __ N.E.2d __, __ (Ind. 2005), because our decision in <u>Ross</u> affects the substantive law controlling application of the general habitual offender statute, it applies retroactively on collateral review to those cases final at the time <u>Ross</u> was announced.  Thus, the eight-year enhancement added to Johnson's sentence under the general habitual offender statute is vacated.

**Conclusion**

We direct the post-conviction court to remove the eight-year enhancement under the general habitual offender statute from Johnson's sentence.

Dickson, Sullivan, Boehm, and Rucker, JJ., concur.