**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**HILARY BOWE RICKS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHAVAUGHN WILSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1109-PC-795 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven Eichholtz, Judge
Cause No. 49G20-9712-PC-175225

**March 14, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Shavaughn[1] Wilson appeals his sentence for his convictions for dealing in cocaine as a class A felony, possession of cocaine as a class C felony, possession of marijuana as a class A misdemeanor, and his adjudication as an habitual offender.

Wilson raises four issues, which we revise and restate as:

I.      Whether Wilson may challenge the denial of his motion for appointment of a special judge;

II.     Whether the court erred in enhancing Wilson's sentence for dealing in cocaine as a class A felony due to the habitual offender adjudication; and

III.    Whether Wilson's aggregate sentence is inappropriate in light of the nature of the offense and his character.

We affirm.

The facts of Wilson's offenses were set forth by this court's opinion on appeal of his convictions:

[O]n November 29, 199[7], Officers Michael Mitchell and Carol Johnson heard a loud stereo when they were on bike patrol in an Indianapolis residential area. Shortly thereafter, the police officers discovered that the noise was emanating from a vehicle which was traveling down an alley. Consequently, the police officers stopped the vehicle and informed the driver, later determined to be Wilson, that he had been stopped because the volume of his stereo violated the municipal noise ordinance.

When he was asked for his driver's license, Wilson informed the two police officers that he did not have one. Officer Mitchell then asked Wilson for his name and date of his birth. Wilson responded that his name was "Shawn Wilson" and gave the month and day of his birth, but not the year. After four requests, Wilson ultimately gave Officer Mitchell his birth year. Thereafter, Officer Johnson ran a driver's license check and Officer

---

[1] While the notice of appeal spells Wilson's first name as Shavaughan, Wilson states in his brief that his first name is spelled Shavaughn.

Mitchell issued a citation to Wilson for the municipal noise ordinance violation.

During the stop, Officer Mitchell observed that Wilson appeared nervous and was trembling and sweating profusely. Based upon concerns for officer safety, Officer Mitchell asked Wilson to step from the vehicle whereupon he performed a pat-down search for weapons. No evidence was discovered during the pat-down search.

Officer Johnson's inquiry revealed that Wilson's driver's license was suspended. Consequently, Officer Mitchell placed Wilson under arrest for driving while his license was suspended. A subsequent search of Wilson's person revealed: (1) several large chunks of cocaine in a plastic baggie and eleven individual "bindles" of cocaine, totaling 25 grams; (2) Philly blunt cigar box which contained two cigars and one "bindle" of marijuana; (3) box of plastic baggies; (4) a razor blade; (5) $1280.00 in cash; and (6) two pagers.

Wilson v. State, 754 N.E.2d 950, 953 (Ind. Ct. App. 2001) (internal footnote omitted).

On February 10, 1999, Wilson was convicted by a jury of dealing in cocaine as a class A felony; possession of cocaine as a class C felony; and possession of marijuana as a class A misdemeanor. Id. The trial court adjudicated Wilson an habitual offender. Id. The court sentenced Wilson to twenty years for his class A felony conviction, which was enhanced by thirty years for the habitual offender adjudication, four years on the class C felony conviction, and one year on the class A misdemeanor conviction, and the court ordered the sentences for the class A felony, the class C felony, and the class A misdemeanor to be served concurrently with each other. Thus, Wilson was sentenced to an aggregate term of fifty years. Id. Wilson appealed his convictions, and this court affirmed. Id. at 958.

Wilson, *pro se*, filed a petition for post-conviction relief on October 25, 2004, and by counsel filed an amendment to the petition on April 28, 2009. In his petition as

amended, Wilson raised claims of ineffective assistance of trial and appellate counsel and a number of freestanding claims of error. Wilson argued in part that his "trial counsel erred in informing the trial court that Wilson's habitual offender penalty had to be a 30-year enhancement attached to Wilson's Class A felony sentence instead of, as per the statute, informing the court that it had the discretion to attach Wilson's habitual enhancement to *any* felony sentence, such as Wilson's sentence for his Class C felony conviction." Appellant's Appendix at 203. Also on April 28, 2009, Wilson filed a motion for appointment of special judge requesting that Judge Webster Brewer, who had presided over Wilson's trial, be appointed to preside over Wilson's post-conviction hearing. On May 11, 2009, the court denied Wilson's motion for appointment of special judge and set Wilson's petition for post-conviction relief for hearing.[2]

Following a hearing on August 7, 2009, the court issued findings of fact and conclusions of law on January 29, 2010, which provided that "Wilson argues and the State concedes that the court was mistakenly informed by counsel that the court was required to enhance Wilson's A felony conviction by thirty years," that "[t]he court relied on this advice in sentencing" Wilson, and that "[t]he court concludes that this error and the court'[s] reliance on it require that Wilson's sentencing should be revisited by the court." Id. at 272. The court denied Wilson's petition for relief on all other bases claimed by Wilson.

---

[2] Judge Steven Eichholtz issued the May 11, 2009 order denying Wilson's motion for appointment of special judge and the January 29, 2010 findings and conclusions denying in part and granting in part Wilson's petition for post-conviction relief.

Wilson appealed the partial denial of his petition for post-conviction relief, and this court affirmed.  See Wilson v. State, Cause No. 49A02-1002-PC-326, slip op. at 5 (Ind. Ct. App. Oct. 13, 2010), trans. denied.

On August 8, 2011, the court held a sentencing hearing on the habitual offender enhancement.[3]  The court again enhanced Wilson's twenty-year sentence for his class A felony conviction by thirty years for the habitual offender adjudication for an aggregate sentence of fifty years.[4]

I.

The first issue is whether Wilson may challenge the denial of his motion for appointment of a special judge.  Wilson argues that the court erred in denying his request that Judge Brewer be appointed as special judge, that the court made no specific finding that Judge Brewer was unavailable in the order denying his request, that Judge Brewer's availability should be presumed, and that he was prejudiced because Judge Brewer had clearly indicated his desire to impose less than fifty years.  Wilson requests that we remand with direction that the trial court either appoint Judge Brewer as special judge or make proper findings as to why Judge Brewer should not be appointed.

The State argues that Wilson's claim is procedurally defaulted and waived and thus unavailable for appellate review.  Specifically, the State argues that "the claim is procedurally defaulted because the claim was known and available to be raised in [Wilson's] appeal from the denial of post-conviction review yet [Wilson] chose not to

---

[3] Judge Eichholtz presided over the August 8, 2011 sentencing hearing.

[4] The court did not modify Wilson's concurrent sentences for his class C felony conviction and his class A misdemeanor conviction.

raise the claim in that appeal." Appellee's Brief at 9. The State further asserts that Wilson's claim is "waived because [Wilson] did not renew his motion or object to Judge Eichholtz presiding over his resentencing hearing." Id. at 10.

We observe that Wilson does not point to the record to show that he appealed the denial of his motion for appointment of a special judge, challenged the denial of his motion for appointment of a special judge on appeal from the denial of his request for post-conviction relief, see Wilson, Cause No. 49A02-1002-PC-326, slip op. at 2-5, or objected to or otherwise challenged, at his August 8, 2011 sentencing hearing, Judge Eichholtz presiding over the hearing. As a result, Wilson's argument that the court erred in denying his request for a special judge has been waived and is not now available. See Bunch v. State, 778 N.E.2d 1285, 1289 (Ind. 2002) (observing that a court on appeal may find that an issue presented in a post-conviction petition was forfeited by means of procedural default); N.W.W. v. State, 878 N.E.2d 506, 509-510 (Ind. Ct. App. 2007) (concluding that the appellant waived any claim on appeal because the appellant failed to make timely and specific objections to afford the trial court an opportunity to cure any alleged error), trans. denied.

II.

The next issue is whether the court erred in enhancing Wilson's sentence for dealing in cocaine as a class A felony due to the habitual offender adjudication. Wilson argues that the court erred in attaching the habitual offender enhancement to his conviction for dealing in cocaine as a class A felony under Count I. Wilson specifically argues that "[w]hat was not fair . . . was citing the reduced term on the underlying offense

6

as another reason to impose thirty (30) years for the Habitual Offender by attaching it to that count," that "effectively giving Wilson the maximum sentence for the underlying offense by attaching the Habitual Offender enhancement to the minimum sentence for it was not justified by the Court's sentencing statement that the aggravators, being the prior criminal history, outweighed the mitigators," and that "[i]n remedy this Court may either remand with instructions or move the Habitual Offender enhancement to Count II and re-sentence Wilson accordingly." Appellant's Brief at 14-15.

The State argues that the court properly attached the habitual enhancement to Wilson's sentence under Count I. The State asserts that "the trial court was not obligated to try to guess what sentence Judge Brewer would have imposed or to impose that same sentence," that Wilson "was not entitled to have his habitual attached to the class C felony" under Count II, and that "the trial court's decision in this regard is more than justified by the record." Appellee's Brief at 16-17.

We first observe that Wilson did not cite to authority at the August 8, 2011 hearing and does not cite to authority on appeal providing that the court on resentencing was not permitted or did not have the discretion to enhance his sentence for the class A felony conviction due to his habitual offender adjudication. This court has stated that "where a defendant is convicted of multiple felonies at the same time and the defendant is an habitual offender, the trial court may attach the habitual offender finding to any of the relevant felonies even if attachment results in a harsher penalty." Burrus v. State, 763 N.E.2d 469, 472 (Ind. Ct. App. 2002), trans. denied; see also Merritt v. State, 663 N.E.2d 1215, 1217 (Ind. Ct. App. 1996) ("Aside from setting the parameters concerning the

7

length of the enhancement, the relevant statutes contain no guidelines or formulas for courts to apply or follow when determining the length of the habitual offender enhancement. Instead, the decision is left to the trial court's discretion."), trans. denied. Further, Wilson does not cite to authority for the proposition that the court was not permitted to enhance his sentence for his class A felony conviction where the sentence imposed on the class A felony conviction was the minimum sentence (twenty years) and where the addition of the habitual enhancement to the sentence for the class A felony conviction has the effect of imposing an aggregate sentence equal to the sentence the defendant could have received had the maximum sentence for the class A felony conviction been imposed (fifty years).

In addition, at the August 8, 2011 hearing, the court concluded that enhancing Wilson's sentence for his class A felony conviction was proper. Specifically, the court stated "I don't think it's my job here today to impose what I think Judge Brewer should have imposed. It's what I think should be imposed according [to] the factors that were available at sentencing at that time." Transcript at 15. After some discussion, the court found:

> Well considering the factors available, number one I would not have imposed the minimum sentence. But I am not going to change it since Judge Brewer did. I would have found the aggravators which clearly would have outweighed the mitigators and probably imposed the minimum sentence, but am not – not the minimum but the presumptive sentence of thirty (30) years. I am not going to increase that portion of his sentence because I don't think that that would be fair to do that. That being the case, I don't see anything wrong with the enhancement of thirty (30) years on the A Felony. Given that he was given the benefit of a mitigated sentence under the facts, and he has a significant number of felony convictions, he was relatively young at the time this occurred and continually had run-ins

8

with the law. While he plead probably to D felonies or was convicted of D felonies they all started off as significant higher offenses and he had engaged in conduct that showed as the presentence indicated a clear disrespect for the law. So the Court will impose the same sentence which was twenty (20) years, enhanced to thirty (30) . . . for a total of fifty (50) on the A Felony.

Id. at 17-18.

Based upon the record, Wilson has not demonstrated that the court erred in ordering that his twenty-year sentence for dealing in cocaine as a class A felony be enhanced by thirty years for Wilson being found to be an habitual offender.

III.

The next issue is whether Wilson's sentence is inappropriate. Indiana Appellate Rule 7(B) provides that this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

Wilson argues that his arrest was "for a noise violation, not even a moving violation," that "this was not a situation where Wilson was actually caught selling cocaine," and that his previous convictions "were only for misdemeanors and low level felonies." Appellant's Brief at 15. Wilson further argues that "[h]e was originally given fifty (50) years due to a misunderstanding of the law which would have allowed the Court to give him less" and that "[d]espite proving that misunderstanding and prejudice, he was re-sentenced to the same fifty (50) years by the Judge currently presiding over the

9

Court after declining to appoint the original Judge to handle the case." Id. at 15-16. Wilson requests that we find his fifty-year sentence inappropriate and "revise it as the Court deems appropriate." Id. at 16.

The State argues that Wilson's aggregate fifty-year sentence is appropriate. The State argues that the evidence showed that Wilson "was engaged in a significant dealing operation – he was found with twenty-five grams of cocaine, $1280 in cash, and two pagers." Appellee's Brief at 19. The State also argues that "this case was only the most recent in an extensive record of repeated criminal conduct" and points to Wilson's juvenile and adult convictions and prior probation revocations. Id. at 20. The State further argues that "there is nothing mitigating in this record with respect to [Wilson's] character" and that Wilson "was expelled from high school, has no history of steady employment, has never filed an income tax return, and has completed no programs while incarcerated." Id. at 21. The State points to the PSI which indicates that Wilson "spent $100 a day" on his marijuana habit and "consumed a fifth of liquor every day prior to being incarcerated." Id. The State also argues that Wilson's fifty-year sentence is "well below the maximum eighty-year sentence authorized by law" and that the sentence "is appropriate in light of [Wilson's] extensive and serious criminal record and the lack of anything in this record to suggest that any lesser punishment would serve to rehabilitate [Wilson] or protect society from his recidivistic criminal behavior." Id. In his appellant's reply brief, Wilson argues that giving him a lesser sentence would not be a windfall but would be fair.

Our review of the nature of the offense reveals that Wilson was stopped because of the noise emanating from his vehicle, that the officers discovered that his driver's license was suspended and placed Wilson under arrest, and that the search of Wilson revealed several large chunks of cocaine in a plastic baggie and eleven individual bindles of cocaine totaling 25 grams; a blunt cigar box which contained two cigars and one bindle of marijuana; a box of plastic baggies; a razor blade; $1280.00 in cash; and two pagers. Wilson, 754 N.E.2d at 953. Wilson was convicted by a jury of dealing in cocaine as a class A felony, possession of cocaine as a class C felony, and possession of marijuana as a class A misdemeanor, and Wilson was adjudicated an habitual offender.

Our review of the character of the offender reveals that the presentence investigation report (the "PSI") indicates that Wilson was born on July 9, 1976, and his juvenile adjudications include criminal conversion and theft in 1989, disorderly conduct and/or resisting law enforcement in 1990, and battery in 1991. In March 1993, Wilson was charged as an adult with attempted murder as a class A felony, criminal recklessness as a class D felony, and carrying a handgun without a license as a class A misdemeanor and was found guilty in July 1993 of the charges for criminal recklessness and carrying a handgun without a license. In addition, Wilson was convicted as an adult of possession of cocaine as a class D felony in December 1993, criminal trespass and resisting law enforcement as class A misdemeanors in May 1995, possession of marijuana as a class A misdemeanor in June 1995, battery as a class D felony in November 1996, auto theft as a class D felony and resisting law enforcement as a class A misdemeanor in October 1998, and resisting law enforcement as a class D felony in February 1999. Further, Wilson was

11

found in violation of probation and his probation was revoked three times. The PSI provides that Wilson reported that "he was drinking every day prior to his incarceration" and that "he was drinking a 5th of liquor on a daily basis." PSI at 9. Wilson also reported that he smoked marijuana every day and "spent approximately $100.00 a day on this habit." Id.

After due consideration, we conclude that Wilson has not sustained his burden of establishing that his aggregate sentence of fifty years is inappropriate in light of the nature of the offense and his character.[5]

For the foregoing reasons, we affirm Wilson's aggregate sentence of fifty years.

Affirmed.

MAY, J., and CRONE, J., concur.

---

[5] To the extent Wilson cites to Article 1, §§ 16 and 18 of the Indiana Constitution, we note that Wilson does not develop a cogent argument and thus that he has waived the issues. See Tracy v. State, 837 N.E.2d 524, 531 n.10 (Ind. Ct. App. 2005) (holding that the defendant's argument that his sentence violated Article 1, Section 16 of the Indiana Constitution was waived for failure to present a cognizable argument), clarified on reh'g by 840 N.E.2d 360 (Ind. Ct. App. 2006), trans. denied. Further, with respect to Article 1, § 16, we note that "[d]etermining the appropriate sentence for a crime is a function properly exercised by the legislature." Teer v. State, 738 N.E .2d 283, 290 (Ind. Ct. App. 2000), trans. denied. "This court will not disturb the legislature's determination unless there is a showing of clear constitutional infirmity. . . . Rather, a sentence may be unconstitutional by reason of its length, if it is so severe and entirely out of proportion to the gravity of offense committed as to shock public sentiment and violate the judgment of a reasonable people." Id. (internal citations omitted). We cannot say that Wilson's sentence shocks the public sentiment or violates the judgment of reasonable people. See Teer, 738 N.E.2d at 290. In addition, we note that the Indiana Supreme Court has held that "particularized, individual applications are not reviewable under Article 1, Section 18 because Section 18 applies to the penal code as a whole and does not protect fact-specific challenges." Ratliff v. Cohn, 693 N.E.2d 530, 542 (Ind. 1998), reh'g denied.